B. W. ELLIOTT v. CLYDE PAUL BURTON, INDIVIDUALLY AND TRADING AS BURTON ENTERPRISES, JACK L. FRIAS, AND BURTON ENTERPRISES CORPORATION

No. 7321SC605

(Filed 29 August 1973)

1. Judgments § 10; Rules of Civil Procedure § 70— consent judgment'— original cause of action merged.— enforcement of judgment

Plaintiff's original cause of action for damages for injuries to his house trailer allegedly caused by defendants' negligence became merged into a consent judgment entered by the parties, and enforcement of the judgment upon defendants' failure to comply within the time specified could be effected through various methods set forth in G.S. 1A-1, Rule 70.

2. Contempt of Court § 7; Judgments § 10— noncompliance with consent judgment — punishment for contempt

Though plaintiff did ask that defendants be held in contempt of court for failure to comply with a consent judgment, plaintiff did not show and the court did not make the required finding that defendants' default was the result of willful disobedience; furthermore, had such finding been made, the trial judge had no authority to award an indemnifying fine or other compensation to a private party in a contempt proceeding.

3. Judgments § 10; Rules of Civil Procedure § 70— noncompliance with consent judgment — award of monetary damages error

Where defendants failed to comply with a consent judgment requiring them to repair all damage to plaintiff's trailer and plaintiff filed a verified motion in the cause alleging defendants' noncompliance and alleging that estimates for repair of the damage could not be had for less than $4700, the trial court erred in awarding plaintiff monetary damages of $4700, since none of the procedures for enforcement of the judgment provided for in Rule 70 were followed.

APPEAL by defendants from *Collier, Judge,* 14 May 1973 Session of Superior Court held in FORSYTH County.

Civil action to recover damages allegedly caused by defendants' negligence. Plaintiff alleged that he was owner of a house trailer which had been manufactured by defendant Burton, that Burton contracted with him to deliver and install the trailer on plaintiff's lot, and that in attempting to do this, Burton's employee, Frias, negligently operated the tractor to which the trailer was hitched, causing damage to the trailer. Plaintiff prayed for $4,300.00 on account of physical damage to the trailer, $248.00 as reimbursement for plaintiff's expenses incurred in employing others to tow the trailer from the point it was abandoned by defendants to plaintiff's lot, and $1,000.00 as reasonable rental value for loss of use of the trailer.

The following judgment was entered in the cause:

"THIS CAUSE coming on to be heard and being heard before the Honorable Robert A. Collier, Judge Presiding over the January 2, 1973, Session of Superior Court for Forsyth County, North Carolina, and it appearing to the Court that the parties have compromised and settled all differences and disagreements between them and have agreed as hereinafter ordered.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED: That the defendant [sic] shall go upon the premises of the plaintiff in Wilkes County, North Carolina, and shall fully repair all damage to the trailer referred to in the complaint, including inside and outside damage, and including chassis damage, if any, and the defendants shall repair the same to the satisfaction of the plaintiff and that the said work shall be completed not later than March 1, 1973; and upon the completion of the same, the defendants shall be free of all obligation to the plaintiff as set out in the pleadings, and this action may then be dismissed and the costs taxed to the plaintiff.

"This the 6 day of January, 1973.

"ROBERT A. COLLIER, JR.
"Judge Presiding."

This judgment was consented to and signed by all parties and their attorneys.

On 19 April 1973 plaintiff's counsel filed the following motion:

"Now COMES the plaintiff and respectfully shows unto the Court:

"1. That judgment was entered heretofore as appears of record and that by the terms of the judgment, the defendants were required to complete certain repairs and restoration of a trailer home located in Wilkes County, on or before March 1, 1973.

"2. That the defendant [sic] has not commenced the repairs as of April 14, 1973, and has made so far as the plaintiff is informed and believes, no effort whatever to complete the repairs.

"WHEREFORE, the plaintiff respectfully moves the Court that the Court assess damages to the plaintiff for the defendant's [sic] failure to comply with the judgment; that the defendants be held in contempt of Court and that the defendants be required to forthwith comply with the orders of the Court and to pay damages to the plaintiff for his failure to do so."

In support of this motion plaintiff filed his affidavit, sworn to on 27 April 1973, that no work had been done to repair the trailer and no response had been made by defendants to requests that the work be completed. In his affidavit plaintiff stated that he had "sought estimates to do the repair and the lowest estimate this affiant has been able to obtain for the repairs is $4,700.00."

On 17 May 1973 judgment was entered as follows:

"THIS CAUSE coming on to be heard and being heard before the Honorable Robert A. Collier and it appearing to the Court that a judgment has heretofore been entered as appears of record wherein the defendants were ordered to fully repair all damage to a trailer of the plaintiff and were allowed through March 1, 1973, to complete the said repairs, and whereas, from the verified motion of the plaintiff in this cause and from other evidence before the Court, it appears that the defendants have not made any effort toward the repair of the said trailer and that the plaintiff has been unable to get estimates for repair of the

Elliott v. Burton

same for less than Four Thousand Seven Hundred Dollars ($4,700.00), and it appearing to the Court that the plaintiff is entitled to the entry of a money judgment in the amount of Four Thousand Seven Hundred Dollars ($4,700.00) by virtue of the defendants' failure to comply with the judgment of this Court.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover of the defendants, and each of them, the sum of Four Thousand Seven Hundred Dollars ($4,700.00). Let the costs of this action be taxed against the defendants."

From this judgment, defendants appealed.

*White & Crumpler by James G. White, Michael J. Lewis and G. Edgar Parker for plaintiff appellee.*

*Carlton, Rhodes & Thurston by Richard F. Thurston and Linda A. Thurston for defendant appellants.*

PARKER, Judge.

[1] "[A] judgment merges the cause of action upon which it was rendered, and becomes itself the obligation." 2 McIntosh, N. C. Practice and Procedure 2d, § 1735. Therefore, plaintiff's original cause of action, in which he sought recovery of damages for injuries to his property allegedly caused by defendants' negligence, became merged into the consent judgment dated 6 January 1973. Where a judgment directs a party to perform a specific act and the party fails to comply within the time specified, various methods by which enforcement of the judgment may be effected are set forth in G.S. 1A-1, Rule 70. This Rule provides in part as follows:

"If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the judge may direct the act to be done at the cost of the disobedient party by some other person appointed by the judge and the act when so done has like effect as if done by the party. On application of the party entitled to performance, the clerk shall issue a writ of attachment or sequestration against the property of the disobedient party to compel obedience to the judgment. The judge may also in proper cases adjudge the party in contempt."

**[2]** In the present case none of the procedures provided for in Rule 70 was followed. Plaintiff did ask in his motion "that the defendants be held in contempt of Court," but plaintiff failed to show and the court made no finding that defendants' default in complying with the consent judgment was the result of willful disobedience. Such a finding is required before punishment may be imposed in civil contempt proceedings, *Mauney v. Mauney*, 268 N.C. 254, 150 S.E. 2d 391, and even then the trial judge in this State has no authority to award indemnifying fines or other compensation to a private party in a contempt proceeding. *Records v. Tape Corp. and Broadcasting System v. Tape Corp.*, 18 N.C. App. 183, 196 S.E. 2d 598.

**[3]** We hold that it was error for the trial court to enter the judgment awarding plaintiff monetary damages under the procedures disclosed by the present record. Resort should be had to other procedures, which may include one or more of those provided for in Rule 70, to obtain in this action defendants' compliance with the obligation imposed upon them by the consent judgment of 6 January 1973.

The judgment appealed from is vacated and this cause is remanded to the Superior Court of Forsyth County for further proceedings not inconsistent herewith.

Vacated and remanded.

Chief Judge BROCK and Judge MORRIS concur.