SPENCER HAMMOCK v. ROBERT BENCINI AND FRANKLIN FREEMAN

No. 8918SC667

(Filed 15 May 1990)

1. **Declaratory Judgment Act § 3 (NCI3d) — declaratory judgment action to require appointment of counsel — plaintiff no longer incarcerated — no actual controversy**

The trial court correctly granted defendant's motion to dismiss a declaratory judgment action seeking a declaration that district court judges must appoint counsel for indigent defendants at criminal contempt, nonsupport hearings in which they are likely to be jailed where the plaintiff in this case was no longer incarcerated at the time of the filing and hearing of the action in superior court. The possibility that plaintiff may again be subject to criminal contempt should he again fail to pay child support presents only the mere threat of an action and is insufficient to create an actual controversy. Moreover, a request for injunctive relief against the now deceased Judge Bencini is moot. N.C.G.S. § 1-253.

Am Jur 2d, Declaratory Judgments §§ 33, 37.

2. **Contempt of Court § 6 (NCI3d) — criminal contempt for failure to pay child support — appointment of counsel**

It was noted that N.C.G.S. § 7A-451(a)(1) requires appointment of counsel in any case in which imprisonment is likely to be adjudged, and that includes citations for criminal contempt for failure to comply with civil child support orders.

Am Jur 2d, Contempt § 92.

HAMMOCK v. BENCINI

[98 N.C. App. 510 (1990)]

APPEAL .by plaintiff from judgment entered 10 May 1989 by *Judge Joseph R. John, Sr.* in GUILFORD County Superior Court. Heard in the Court of Appeals 6 December 1989.

*Central Carolina Legal Services, Inc., by Stanley B. Sprague, for plaintiff-appellant.*

*Lacy H. Thornburg, Attorney General, by L. Darlene Graham, Assistant Attorney General, for the State.*

GREENE, Judge.

This appeal arises from an action seeking declaratory judgment and injunctive relief. The trial court denied the plaintiff's motion for summary judgment, and granted defendants' motion to dismiss. The plaintiff appeals both orders.

On January 5, 1989 the plaintiff, Spencer Hammock, appeared before District Court Judge Robert Bencini at a criminal contempt hearing for nonsupport. The plaintiff was unrepresented by counsel, and Judge Bencini refused to appoint counsel at plaintiff's request even though the plaintiff indisputably was indigent. Judge Bencini found the plaintiff in criminal contempt for nonsupport and ordered him jailed for twenty-nine days.

On January 10, 1989 the plaintiff filed a notice of appeal for a de novo criminal contempt hearing in superior court pursuant to N.C.G.S. § 5A-17 (1986). At that time Judge Bencini refused to sign a stay releasing the plaintiff from jail, but a superior court judge did so on January 12, 1989.

On February 3, 1989 the plaintiff filed a complaint in superior court seeking a declaration that, under N.C.G.S. § 7A-451(a) (1989), district court judges must appoint counsel for indigent defendants at criminal contempt, nonsupport hearings in which they are likely to be jailed. The plaintiff also sought an injunction requiring Judge Bencini to comply with the statute.

On March 7, 1989, the date of the plaintiff's de novo criminal contempt hearing, the Assistant County Attorney voluntarily dismissed the case. The plaintiff remains under an order to pay child support. Judge Bencini died while this appeal was pending.

[1] The issue is whether this action presents a justiciable controversy.

For a court to entertain jurisdiction under the Declaratory Judgment Act, N.C.G.S. § 1-253 (1983), an actual controversy must exist at the time the pleadings were filed and at the time of hearing. *Sharpe v. Park Newspapers of Lumberton, Inc.*, 317 N.C. 579, 585, 347 S.E.2d 25, 30 (1986).

> Although it is not necessary that one party have an actual right of action against another to satisfy the jurisdictional requirement of an actual controversy, it is necessary that litigation appear unavoidable. Mere apprehension or the mere threat of an action or a suit is not enough.

*Gaston Bd. of Realtors v. Harrison*, 311 N.C. 230, 234, 316 S.E.2d 59, 61-62 (1984) (citations omitted).

At the time of filing and hearing of this action in the superior court, the plaintiff was no longer incarcerated. Without addressing the issue of the propriety of Bencini and Freeman being parties, we conclude no actual controversy existed or exists. The plaintiff argues that an actual controversy exists because he remains subject to criminal contempt should he again fail to pay child support as required by an outstanding court order. This possibility does not present a situation where litigation appears unavoidable but only presents the "mere threat of an action," and as such it is insufficient to create an actual controversy.

Therefore, we conclude that the trial court correctly granted defendants' motion to dismiss the declaratory judgment. Regarding the plaintiff's request for injunctive relief against the now deceased Judge Bencini, we also affirm the trial court. The untimely demise of Judge Bencini renders the injunctive issue moot, and thus we need not discuss its merits.

[2] Nonetheless we note that N.C.G.S. § 7A-451(a)(1) does require appointment of counsel in "any case in which imprisonment . . . is likely to be adjudged," and that includes citations for criminal contempt for failure to comply with civil child support orders. *See State v. Wall*, 49 N.C. App. 678, 272 S.E.2d 152 (1980) (§ 7A-451(a)(1) applies for criminal contemnor accused of making a threatening telephone call to a prospective witness in a civil matter); *O'Briant v. O'Briant*, 313 N.C. 432, 435, 329 S.E.2d 370, 373 (1985) (criminal contempts are crimes); *see also ex parte Goodman*, 742 S.W.2d 536, 540 (Tex. Ct. App. 1987) (contemnor in nonsupport case allowed

**HAMMOCK v. BENCINI**

[98 N.C. App. 510 (1990)]

counsel under criminal statute requiring appointed counsel for indigents).

Affirmed.

Judges ARNOLD and PHILLIPS concur.