BILLIE M. HARTSELL, Plaintiff/Appellee v. GENE W. HARTSELL, Defendant/Appellant

No. 8926DC551

(Filed 17 July 1990)

1. **Divorce and Alimony § 21.5 (NCI3d) — failure to comply with earlier consent decree — finding of contempt — sufficiency of evidence**

     Evidence was sufficient to support the trial court's findings that defendant was fully capable at all times of complying with all provisions of the parties' prior consent judgment and that defendant had the present ability and continuing capability to comply with all remaining financial provisions of the court's decree, and such findings were sufficient to support the court's conclusion that defendant's conduct was willful and defendant was therefore in contempt, where plaintiff produced evidence that she had conveyed a house with at least $60,000 equity to defendant, and defendant had several items of personal property of value.

     **Am Jur 2d, Divorce and Separation §§ 811, 812.**

2. **Divorce and Alimony § 21.5 (NCI3d) — failure to comply with earlier consent decree — knowledge of contents — sufficiency of evidence**

     There was sufficient competent evidence to support the trial court's finding that defendant was fully aware of the contents of a consent judgment and fully understood it, since

HARTSELL v. HARTSELL.

[99 N.C. App. 380 (1990)]

both defendant and his counsel signed the consent judgment, and, absent evidence to the contrary, defendant was thus held to have understood and consented to the contents of that judgment.

**Am Jur 2d, Divorce and Separation § 808.**

3. **Divorce and Alimony § 21.5 (NCI3d); Constitutional Law § 74 (NCI3d) — civil contempt — protection of fifth amendment rights — no consideration on appeal**

Where the trial court ordered defendant incarcerated, gave defendant the opportunity to purge his contempt by complying with the prior consent order and paying certain sums for attorney's fees and damages, and imposed no other penalty, the relief granted was wholly civil in nature, and since defendant was not in fact subject to criminal penalties, the court on appeal was not required to examine whether defendant's fifth amendment rights were adequately protected during the contempt proceeding.

**Am Jur 2d, Divorce and Separation § 815.**

4. **Appeal and Error § 453 (NCI4th) — constitutionality of contempt statute — issue not raised in trial court — no consideration on appeal**

Defendant could not challenge on appeal the constitutionality of N.C.G.S. § 5A-23, which allows the court to find a person in both civil and criminal contempt for the same act, as applied to him, since defendant did not raise a constitutional challenge in the trial court.

**Am Jur 2d, Appeal and Error § 545.**

5. **Attorneys at Law § 64 (NCI4th) — attorney's fees awarded in contempt proceeding — no attorney's fees awarded for equitable distribution action**

There was no merit to defendant's contention that the trial court erred in awarding attorney's fees to plaintiff because this action involved an equitable distribution order and there was no statutory provision for attorney's fees in such actions, since the trial court awarded only such fees as were incurred in enforcing the original equitable distribution order by bringing defendant before the court for contempt; there was no award for fees incurred in obtaining the equitable distribution

HARTSELL v. HARTSELL

[99 N.C. App. 380 (1990)]

order in the first instance; and the award was supported by the affidavit of plaintiff's attorney and proper findings of fact.

**Am Jur 2d, Divorce and Separation §§ 589, 598.**

6. **Contempt of Court § 7 (NCI3d); Divorce and Alimony § 21.5 (NCI3d) — contempt found — transfer of property to purge contempt proper — no authority of court to order compensatory damages**

Upon a finding of contempt in situations where the original order requires a transfer of property, including intangible property such as that represented by stock certificates, the trial court has authority to order the contemnor to transfer said property as a condition for purging the contempt, but the court does not have authority to require the contemnor to pay compensatory damages incurred as a result of his noncompliance with the original order.

**Am Jur 2d, Divorce and Separation § 815.**

7. **Contempt of Court § 6.1 (NCI3d); Evidence § 13 (NCI3d) — testimony by attorney — no violation of attorney-client privilege**

There was no merit to defendant's contention that his former attorney's testimony at his contempt hearing violated his attorney-client privilege where the attorney testified about his correspondence with defendant concerning entry of the consent judgment and the transfer of deeds pursuant to that order, correspondence asking defendant to come to the attorney's office to sign the judgment and deeds, and correspondence with defendant to transmit letters from plaintiff's attorney demanding that defendant comply with the consent judgment, and the attorney therefore was not asked to testify to the substance of any client confidence communicated to him by defendant.

**Am Jur 2d, Divorce and Separation § 806; Witnesses § 212.**

Judge GREENE dissenting.

APPEAL by defendant from order entered 13 January 1989, *nunc pro tunc*, 13 December 1988 by *Judge Robert P. Johnston* in MECKLENBURG County District Court. Heard in the Court of Appeals 22 November 1989.

*James, McElroy & Diehl, P.A., by William K. Diehl, Jr. and Barbara J. Hellenschmidt, for plaintiff-appellee.*

*Business Legal Services, P.A., by Douglas E. Brafford and Stephen D. Kaylor, for defendant-appellant.*

PARKER, Judge.

The parties were married 24 July 1954. On 6 February 1985 plaintiff filed a complaint seeking a divorce from bed and board, temporary and permanent alimony, and equitable distribution of the marital property. Following other proceedings in the matter, on 15 February 1988, the court entered judgment settling the distribution of the parties' property as consented to by the parties and their counsel. This judgment provided that the parties exchange certain real and personal property and transfer titles to said property, that defendant should pay to plaintiff the sum of $30,000.00 as a distributive award on or before 1 July 1988, and that each party was to retain all other property then possessed by each. As to the exchange of real property, plaintiff and defendant were to exchange residences, with plaintiff getting the home at 101 Pine Point, Lake Wylie, South Carolina, and defendant getting the home at 6425 Springfield Drive, Charlotte, North Carolina. This exchange was to occur within 30 days of the payment of the distributive award. Additionally, each party was to clean the residence in their possession prior to transfer and was to leave the residence in a "tidy condition." Personal property to be exchanged was to be left at the residences at the time of transfer or other arrangements were to be made for the exchange at the time of the transfer.

On 27 October 1988 plaintiff filed a motion alleging that defendant had at all times had the ability to comply with the consent judgment and had wilfully refused to comply with the terms of said judgment. Plaintiff requested that the court order defendant to show cause why he should not be held in contempt of the prior judgment. The court issued an order to show cause informing defendant that the court had probable cause to believe that defendant was in civil and/or criminal contempt of the prior consent judgment and directing defendant to appear before the court.

The show cause hearing was held 12 and 13 December 1988 and plaintiff presented evidence which tended to show that as of the date of the hearing defendant had not paid plaintiff the

$30,000.00 distributive award, defendant had abandoned the Lake Wylie residence, and when plaintiff took possession of the Lake Wylie residence it was a "wreck" in that the house was full of garbage, the water pipes had burst, flooding the inside, the yard was overgrown and full of weeds, and part of a bedroom floor was rotted out where rain had come in through an open window. Counsel for plaintiff then called defendant to the stand. After answering some preliminary questions, defendant refused to answer further questions and asserted his rights under the fifth amendment to the United States Constitution. Plaintiff also called as a witness defendant's former attorney, who had participated in the property settlement and had helped draft the judgment which defendant allegedly had disregarded.

Based on the evidence presented at the hearing, the court found defendant in civil contempt of the prior consent judgment and ordered defendant to be incarcerated until he purged his contempt by transferring title to the 1984 Datsun automobile to plaintiff, by transferring possession of certain named items of personal property to plaintiff, and by paying $35,961.00 representing $30,000.00 due 1 July 1988 under the consent decree, $1,376.00 ad valorem taxes, $338.00 moving costs, $1,247.00 in repairs and cleanup and $3,000.00 attorney's fees. From this order holding him in contempt defendant appeals.

Defendant brings forward numerous assignments of error on appeal. These assignments of error are grouped into five basic arguments. First, defendant contends that the court's order is erroneous in that various findings of fact are not supported by competent evidence. Second, defendant asserts that the court erroneously placed the burden of proof on defendant and followed a procedure which violated defendant's rights under the United States Constitution. Defendant next assigns error to the trial court's awarding attorney's fees to plaintiff. Fourth, defendant contends that the trial court erred in awarding compensatory damages to plaintiff. Finally, defendant asserts that the admission of testimony of defendant's former attorney at the contempt hearing violated defendant's attorney-client privilege.

I.

In a domestic relations action, a consent judgment which has been adopted by the court may be enforced by civil contempt. *Henderson v. Henderson*, 55 N.C. App. 506, 286 S.E.2d 657 (1982),

HARTSELL v. HARTSELL

[99 N.C. App. 380 (1990)]

*aff'd*, 307 N.C. 401, 298 S.E.2d 345 (1983). "Review in contempt proceedings is limited to whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Adkins v. Adkins*, 82 N.C. App. 289, 292, 346 S.E.2d 220, 222 (1986) (citing *Cox v. Cox*, 10 N.C. App. 476, 179 S.E.2d 194 (1971)). Findings of fact made by the judge in contempt proceedings are conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing upon their sufficiency to warrant the judgment. *Mauney v. Mauney*, 268 N.C. 254, 257, 150 S.E.2d 391, 394 (1966).

[1] In his first argument, defendant contends that there was no competent evidence to support the trial judge's findings of fact. Our careful review of the transcript and record on appeal reveals competent evidence to support each finding of fact. Therefore, we find no merit in defendant's contention.

In the present case the trial court found as fact that "[d]efendant ha[d] at all times been fully capable and able of complying with all provisions of the Court's decree" and that "[d]efendant ha[d] the present ability and continuing capability to comply with all remaining provisions of the Court's decree with which he ha[d] not heretofore complied." Based on these findings the court concluded that defendant's conduct was wilful and in direct disobedience of the judgment.

In order to support a finding of wilfulness in a civil contempt proceeding there must be evidence to establish as an affirmative fact that defendant possesses the current ability to comply with the order. *Adkins v. Adkins*, 82 N.C. App. at 292, 346 S.E.2d at 222; *Plott v. Plott*, 74 N.C. App. 82, 85, 327 S.E.2d 273, 275 (1985); *Teachey v. Teachey*, 46 N.C. App. 332, 264 S.E.2d 786 (1980). Although specific findings as to the contemnor's present means are preferable, this Court has held that a general finding of present ability to comply is sufficient basis for the conclusion of wilfulness necessary to support a judgment of civil contempt. *Adkins v. Adkins*, 82 N.C. App. at 292-93, 346 S.E.2d at 222; *Plott v. Plott*, 74 N.C. App. at 84-85, 327 S.E.2d at 275.

In the present case these findings are supported by competent evidence. At trial plaintiff produced evidence that she had conveyed the house in Charlotte to defendant and that the equity in this house was at least $60,000.00. Additionally, defendant had several items of personal property of value. Although defendant contends

that plaintiff failed to affirmatively prove that he could have obtained at least $60,000.00 for the equity in the Charlotte house, in a similar case this Court has held that evidence that the contemnor owned three automobiles and at least three tractor-trailers in conjunction with his business was competent evidence of the contemnor's present ability to comply with court-ordered child support payments. *Adkins v. Adkins*, 82 N.C. App. at 292, 346 S.E.2d at 222. The present ability to comply includes the present ability to take reasonable measures that would enable him to comply. *Teachey v. Teachey*, 46 N.C. App. at 334-35, 264 S.E.2d at 787-88. Accordingly, we hold that the court's finding of present ability to comply was based on competent evidence.

Defendant further contends that he did not have the present ability to transfer various items of personal property to plaintiff. We have examined defendant's reasons in support of these contentions and find them without merit.

[2] Defendant also asserts that there was no competent evidence to support the court's finding that "[d]efendant at all times was fully aware of the contents of the Order and had full understanding of same." Both defendant and defendant's counsel signed the consent judgment and, thus, absent evidence to the contrary, defendant is held to have understood and consented to the contents of that judgment. *See Wachovia Bank v. Bounous*, 53 N.C. App. 700, 705-06, 281 S.E.2d 712, 715 (1981); *Nickels v. Nickels*, 51 N.C. App. 690, 693-94, 277 S.E.2d 577, 579, *disc. rev. denied*, 303 N.C. 545, 281 S.E.2d 392 (1981).

II.

[3] In his second argument defendant asserts that, because he was potentially subject to criminal penalties in this proceeding, by placing the burden of persuasion on defendant with respect to changed circumstances or justification for noncompliance with the consent judgment, the trial court denied him his right against self-incrimination as guaranteed by the fifth and fourteenth amendments to the United States Constitution, by the North Carolina Constitution, and by the North Carolina General Statutes. According to defendant, by virtue of the show cause order, which stated that the court had probable cause to believe that "civil and/or criminal contempt ha[d] occurred," defendant was subject to a proceeding whereby he was exposed not only to civil penalties but to criminal penalties as well.

## HARTSELL v. HARTSELL

[99 N.C. App. 380 (1990)]

Defendant asserts that although, under G.S. 5A-23, criminal contempt can be found in a civil contempt proceeding, different procedures are applicable and, since defendant was "accused" of criminal contempt, he was entitled to the benefits of all procedural and constitutional safeguards. Defendant contends that he was not aware that he was no longer subject to criminal penalties until the court announced its findings. Supposedly, as a result of this lack of knowledge, defendant lost the opportunity to defend against the charge of civil contempt by testifying and was thereby punished for exercising his constitutional right. Defendant argues that, where a person is subject to both civil and criminal contempt, requiring the person to choose between (a) giving up the right against self-incrimination and (b) meeting the burden of persuasion on the issue of civil contempt infringes on the person's right against self-incrimination.

In civil contempt the defendant has the burden of presenting evidence to show that he was not in contempt and the defendant refuses to present such evidence at his own peril. In *Plott v. Plott, supra,* this Court stated the following:

> The statutes governing proceedings for civil contempt in child support cases clearly assign the burden of proof to the party alleged to be delinquent. Civil contempt proceedings are initiated by a party interested in enforcing the order by filing a motion in the cause. The motion must be based on a sworn statement or affidavit from which the court determines there is "probable cause to believe that there is civil contempt." G.S. 5A-23. The opposing party must then show cause why he should not be found in contempt. . . .
>
> The court here had already found probable cause to believe that there was civil contempt based on the verified allegations in defendant's motion. Plaintiff offered no evidence except a stipulation as to the amount of the arrearage. This was clearly not sufficient to refute the motion's allegations. Since plaintiff failed to carry her burden, the court was warranted in finding her in contempt.

74 N.C. App. at 85-86, 327 S.E.2d at 275.

In contrast, G.S. 5A-15(e) clearly states that a person charged with criminal contempt may not even be called to be a witness against himself. Additionally, the facts upon which the determina-

tion of criminal contempt is based must be established beyond a reasonable doubt. G.S. 5A-15(f).

In our opinion the present case is controlled by this Court's decision in *Bishop v. Bishop*, 90 N.C. App. 499, 369 S.E.2d 106 (1988). In *Bishop*, the defendant appealed from a contempt order arising from his alleged failure to pay child support under a prior consent order. On appeal defendant contended that since he had been judged guilty of criminal contempt and since the court had failed to inquire into whether defendant needed legal representation, his constitutional right to counsel had been denied. Applying the analysis adopted by the United States Supreme Court in *Hicks v. Feiock*, 485 U.S. 624, 108 S.Ct. 1423, 99 L.Ed. 2d 721 (1988), this Court held that since defendant was given an opportunity to purge himself of contempt the relief afforded by the proceeding should be characterized as civil in nature. Moreover, since no relief of a punitive nature was ordered, the trial court was not required to afford the defendant all procedural and evidentiary safeguards required for criminal contempt proceedings and this Court was not required to review whether the procedures actually used would have been adequate to support an order for criminal contempt. *Bishop v. Bishop*, 90 N.C. App. at 505-06, 369 S.E.2d at 109-10.

In the present case the trial court ordered defendant incarcerated, gave defendant the opportunity to purge his contempt by complying with the prior consent order and paying certain sums for attorney's fees and damages, and imposed no other penalty. In this respect the relief granted was wholly civil in nature. Since defendant was not, in fact, subject to criminal penalties, under the *Bishop* decision, we are not required to examine whether defendant's fifth amendment rights were adequately protected during the contempt proceeding.

[4] Defendant also contends that G.S. 5A-23, which allows the court to find a person in both civil and criminal contempt for the same act, is unconstitutional as applied to this case because it denies defendant substantial rights guaranteed by the United States Constitution by placing the burden of persuasion on defendant. Defendant contends that he was forced to choose between exercising his fifth amendment rights and the risk of conviction for civil contempt. Defendant challenges the "mixed" proceeding, saying that such proceeding necessarily "chills" the exercise of constitutional rights.

Our review of the transcript reveals that although defendant asserted his fifth amendment right against self-incrimination during the hearing, he never raised before the trial judge his contention that G.S. 5A-23(g) is unconstitutional as applied to him. Our appellate courts have repeatedly held that such constitutional challenges must be raised in the trial court in order to be presented for review at the appellate level. *See, e.g., Coman v. Thomas Manufacturing Co.*, 325 N.C. 172, 174, 381 S.E.2d 445, 446 (1989) (n.1). Accordingly, this assignment of error is overruled.

## III.

**[5]** Defendant next asserts that the trial court erred in awarding attorney's fees to plaintiff because this action involved an equitable distribution order and the North Carolina General Statutes do not provide attorney's fees in such actions. Defendant cites *Records v. Tape Corp. and Broadcasting System v. Tape Corp.*, 18 N.C. App. 183, 196 S.E.2d 598, *cert. denied*, 283 N.C. 666, 197 S.E.2d 880 (1973), for the proposition that the court erred in awarding attorney's fees to plaintiff. In *Records* this Court affirmed the trial judge's determination that he lacked authority to award attorney's fees to plaintiff after holding defendant in civil contempt of a temporary restraining order. In so doing, the Court stated:

> Although provisions for the award of attorneys fees to the prevailing plaintiff exist in other jurisdictions, we have found no case law or statutory authority providing for such allowance in North Carolina. See 17 C.J.S., Contempt, § 96; 17 Am. Jur. 2d, Contempt, § 114; Annot., 43 A.L.R.3d 793; Annot., 55 A.L.R.2d 979. The case of *Blair v. Blair*, 8 N.C. App. 61, 173 S.E.2d 513 (1970), is not authority for the plaintiffs' argument. Counsel fees may be awarded to a dependent spouse in an action for the support or custody of a minor child, by virtue of G.S. 50-13.6. And, where the petitioning spouse is no longer a dependent spouse, counsel fees in a proper case may be awarded by virtue of the court's authority to protect the interests of minor children in an action for the support or custody of a minor child. *Andrews v. Andrews*, 12 N.C. App. 410, 183 S.E.2d 843 (1971). In *Blair*, the lawful authority of the court to award counsel fees under the facts in that case was enforced by means of the court's contempt power. In the case

before us, no such authority to award counsel fees arises on the facts.

*Id.* at 187, 196 S.E.2d at 602.

In the present case defendant contends that based on the rationale in *Records,* this Court should vacate the trial court's award of counsel fees because the equitable distribution statute, G.S. 50-20, does not specifically provide for attorney's fees. Be this as it may, in *Conrad v. Conrad,* 82 N.C. App. 758, 348 S.E.2d 349 (1986), this Court, relying on the decision in *Blair v. Blair,* 8 N.C. App. 61, 173 S.E.2d 513 (1970), held that the contempt power of the district court does include the authority to award attorney's fees as a condition of purging contempt for failure to comply with an equitable distribution order. *Conrad v. Conrad,* 82 N.C. App. at 759-60, 348 S.E.2d at 349-50.

Defendant also cites *Patterson v. Patterson,* 81 N.C. App. 255, 343 S.E.2d 595 (1986), for the proposition that attorney's fees are not recoverable in an equitable distribution action. *Id.* at 262, 343 S.E.2d at 600. The present case and *Conrad* are distinguishable from *Patterson,* however, because in *Patterson* the plaintiff sought attorney's fees in connection with obtaining an order of equitable distribution in the first instance as opposed to seeking attorney's fees incurred to enforce the order. In the present case the court awarded only such fees as were incurred in enforcing the original equitable distribution order by bringing defendant before the court for contempt; there was no award for fees incurred in obtaining the equitable distribution order in the first instance. Additionally, this award was supported by the affidavit of plaintiff's attorney and proper findings of fact; therefore, the assignment of error is overruled..

IV.

[6] Defendant next contends that the trial court erred in awarding compensatory damages to plaintiff because such an award is not properly within the scope of the contempt proceeding. We agree with this contention. In *Records v. Tape Corp. and Broadcasting System v. Tape Corp., supra,* plaintiffs presented on appeal the issue of whether a trial judge had authority to award compensatory relief to plaintiffs for damages resulting from defendant's wilful disobedience of a prior court order. In affirming the trial court's

denial of plaintiffs' motion for compensatory damages this Court stated the following:

> [C]ontempt in North Carolina is treated as an offense against "the majesty of the law," is essentially criminal in nature, and is superintended or controlled pursuant to statutory authority solely by means of punishment. Although it may be that the punishment differs for criminal and civil contempt, our statutory provisions for contempt embodied in G.S. 5-1, et seq., do not provide for any other means of enforcing the courts' power of contempt than by punishment, as befits the criminal nature of the proceedings. We hold that, by virtue of the criminal nature of contempt proceedings and the statutory provisions for enforcement of the contempt power by punishment only, a trial judge in North Carolina has no authority to award indemnifying fines or other compensation to a private plaintiff in a contempt proceeding.

*Id.* at 187, 196 S.E.2d at 601-02. Numerous other cases also hold that such relief is not available in a contempt proceeding. *See M.G. Newell Co. v. Wyrick*, 91 N.C. App. 98, 101-02, 370 S.E.2d 431, 434 (1988); *Glesner v. Dembrosky*, 73 N.C. App. 594, 598-99, 327 S.E.2d 60, 63 (1985); *Elliott v. Burton*, 19 N.C. App. 291, 295, 198 S.E.2d 489, 491 (1973). Our courts have recognized that this position is contrary to that of the majority of states and to the federal position. *See Glesner v. Dembrosky*, 73 N.C. App. at 599, 327 S.E.2d at 63; Annotation, *Right of Injured Party to Award of Compensatory Damages or Fine in Contempt Proceedings*, 85 A.L.R.3d 895 (1978).

Plaintiff contends that this Court's decision in *Conrad v. Conrad, supra,* stands for the proposition that compensatory relief is available in civil contempt proceedings because the purpose of such proceedings is to place plaintiff in the same position as she would have been in had defendant complied with his obligations in the first place. In *Conrad*, this Court held that where the court's original equitable distribution order required defendant to transfer to plaintiff certain stock certificates and where the stock had split and dividends had accrued during the period in which defendant had wilfully refused to transfer the certificates, the trial court properly ordered defendant to pay plaintiff the present value of the stock as a condition of purging his contempt. *Conrad v. Conrad*, 82 N.C. App. at 760, 348 S.E.2d at 350. In our opinion this remedy was

no different than ordering that the defendant physically transfer the stock certificates to plaintiff because such a transfer, under the facts in *Conrad*, would necessarily have included the passive appreciation on the stocks.

In light of the strong precedent holding that the trial court generally cannot order the contemnor to pay compensatory damages, we decline to give an expansive reading to our decision in *Conrad*; rather, we hold that *Conrad* must be limited to its facts, *i.e.*, that upon a finding of contempt, in situations where the original order requires a transfer of property (including intangible property such as that represented by stock certificates), the trial court has authority to order the contemnor to transfer said property as a condition of purging the contempt, but does not have authority to require the contemnor to pay compensatory damages incurred as a result of his noncompliance with the original order. *See* G.S. 5A-22 and *Jolly v. Wright*, 300 N.C. 83, 92, 265 S.E.2d 135, 142 (1980).

In this regard, the award of $1,247.00 for repairs and cleanup and $338.00 for moving costs was improper. Defendant would, however, be required to pay the past due ad valorem taxes on the Lake Wylie property because he had been ordered to pay this amount in the original judgment and compliance with the prior order is not an award of compensatory damages.

## V.

[7] Finally, defendant asserts that the testimony of defendant's former attorney at the contempt hearing violated defendant's attorney-client privilege. At the hearing defendant's former attorney was called as a witness by plaintiff. On the stand plaintiff elicited testimony from the attorney about his correspondence with defendant concerning the entry of the consent judgment and the transfer of deeds pursuant to that order; correspondence with defendant asking defendant to come to the attorney's office to sign the judgment and the deeds; and correspondence with defendant to transmit letters from plaintiff's attorney demanding that defendant comply with the consent judgment. Defendant's former attorney also testified that defendant met with him in his office following his receipt of the demand letter from plaintiff's attorney.

In *Dobias v. White*, 240 N.C. 680, 83 S.E.2d 785 (1954), our Supreme Court stated the general rule regarding the invocation of the attorney-client privilege as follows:

HARTSELL v. HARTSELL

[99 N.C. App. 380 (1990)]

It is an established rule of the common law that confidential communications made to an attorney in his professional capacity by his client are privileged, and the attorney cannot be compelled to testify to them unless his client consents.

But the mere fact the evidence relates to communications between attorney and client alone does not require its exclusion. Only confidential communications are protected. If it appears by extraneous evidence or from the nature of a transaction or communication that they were not regarded as confidential, or that they were made for the purpose of being conveyed by the attorney to others, they are stripped of the idea of a confidential disclosure and are not privileged.

*Id.* at 684-85, 83 S.E.2d at 788 (citations omitted). Similarly, although the substance of confidential communications is protected by the privilege, the fact that the communication occurred is not privileged. *See United States v. Kendrick*, 331 F.2d 110, 113 (4th Cir. 1964). In our opinion, in the present case defendant's former attorney was not asked to testify to the substance of any client confidence communicated to him by defendant. For this reason the trial court did not err in admitting this testimony over defendant's objections.

Our review of the transcript and record on appeal reveals both that defendant received a fair hearing free from prejudicial error and that the trial court made sufficient findings of fact based on competent evidence to conclude that defendant's failure to comply with the prior consent judgment was wilful and, thus, that defendant was in civil contempt of the court's order. With the exception of the award of compensatory damages for repairs made to the Lake Wylie home and moving costs, the order of the trial court is affirmed.

Affirmed in part and vacated in part.

Judge JOHNSON concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I disagree with the majority's conclusion that "since no relief of a punitive nature was ordered, the trial court was not required

to afford the defendant all procedural and evidentiary safeguards required for criminal contempt proceedings . . . ." Procedural and evidentiary standards to be applied to the hearing determining contempt cannot be determined *ex post facto* according to the nature of the relief granted. Rather, they must be determined according to the notice received in the order to show cause.

In *Bishop v. Bishop*, 90 N.C. App. 499, 369 S.E.2d 106 (1988), the case on which the majority relies, the only issue before that court was whether the trial court had made the necessary findings to support the order of contempt. Since the findings necessary to support contempt differ depending upon whether the contempt is civil or criminal, to ascertain the adequacy of the trial court's findings, it was necessary to first decide whether the order entered by the trial court was actually one for civil contempt or one for criminal contempt. The *Bishop* court did not address the issue now presented as to what procedural and evidentiary standards should apply in the trial of a contempt proceeding when the alleged contemnor has been served with an order to show cause which does not inform him whether he faces a determination of civil contempt or criminal contempt, or both. Here, the order to show cause states "there is probable cause to believe that a civil and/or criminal contempt has occurred and a hearing should be conducted upon these allegations."

Some of the procedural and evidentiary differences between civil contempt and criminal contempt include:

### Civil Contempt

1. Except "in those cases where assistance of counsel is necessary for an adequate presentation of the merits, or to otherwise ensure fundamental fairness[,]" an indigent alleged contemnor is not entitled to court-appointed counsel. *Jolly v. Wright*, 300 N.C. 83, 93, 265 S.E.2d 135, 143 (1980).

2. The trial court must find that the alleged contemnor has the present ability to comply with the court order. *Adkins v. Adkins*, 82 N.C. App. 289, 293, 346 S.E.2d 220, 222 (1986); *but see Plott v. Plott*, 74 N.C. App. 82, 85, 327 S.E.2d 273, 275 (1985) (holding the burden is on the alleged contemnor to prove that he is not in contempt).

3. The alleged contemnor can, as in any civil case, be called as an adverse witness. N.C.G.S. § 1A-1, Rule 43(b) (1983).

4. The degree of proof is by the greater weight of the evidence, as in any civil action. *See* 2 H. Brandis, *Brandis on North Carolina Evidence* § 212 (1988).

### Criminal Contempt

1. Alleged contemnor is entitled, if indigent, to appointment of counsel. *Hammock v. Bencini,* 98 N.C. App. 510, 512-13, 391 S.E.2d 210, 211 (1990).

2. Alleged contemnor cannot be compelled to be a witness against himself. N.C.G.S. § 5A-15(e) (Cum.Supp. 1989).

3. Proof must be beyond a reasonable doubt. N.C.G.S. § 5A-15(f) (Cum.Supp. 1989).

4. A movant has the burden of showing that the alleged contemnor had means to comply with the order "at any time" after its entry. *Lamm v. Lamm,* 229 N.C. 248, 250, 49 S.E.2d 403, 404 (1948).

Allowing movant or the trial court to choose between civil contempt or criminal contempt based on evidence adduced during the course of trial does not provide the alleged contemnor reasonable notice and does not give him an adequate opportunity to prepare and defend the action. Use of such procedure violates the very essence of due process recognized in our common law that requires reasonable notice and an adequate opportunity to defend. *See Parker v. United States,* 153 F.2d 66, 70 (1st Cir. 1946) (alleged contemnor "is entitled to due notice of the nature of the proceeding against him — whether of criminal *or* civil contempt") (emphasis added).

Because of the substantially different procedural and evidentiary standards existing for criminal and civil contempt, the absence of pretrial notification to the alleged contemnor of whether the movant is proceeding specifically with criminal contempt or civil contempt or both,[1] requires that the alleged contemnor be provided all procedural and evidentiary standards appropriate to criminal contempt proceedings. *See Bishop,* at 505, 369 S.E.2d at 109; *see also United States v. United Mine Workers of America,* 330 U.S. 258, 298, 91 L.Ed. 884, 915 (1947) ("If the defendants were thus accorded all the rights and privileges owing to defendants in criminal

---

1. A person may be held in both civil *and* criminal contempt in the same proceeding. N.C.G.S. § 5A-12(d) (1986); N.C.G.S. § 5A-21(c) (1986).

contempt cases, [they cannot complain] . . . because their trial included proceedings in civil contempt").

This record does not reveal that the alleged contemnor, here defendant, was notified either before or during the trial of whether the proceeding was in criminal contempt or civil contempt or both. The notice he received, "civil and/or criminal contempt," informed him that he could face *either* civil contempt *or* criminal contempt *or* both. Therefore, defendant was entitled to the full protections of a criminal contempt proceeding. Here, defendant was not granted those protections. Specifically, the trial court allowed movant to call defendant as an adverse witness and noted as a finding in its order of contempt that defendant had "offered no evidence of justification or excuse as regards his failure to comply with the court's prior judgment." This reflects a proceeding in civil contempt in which the alleged contemnor can be called as a witness, and his failure to offer evidence arguably can be fatal to his defense. Furthermore, there is no finding in the order of contempt that the trial court entered its findings based on the evidence beyond a reasonable doubt, which is required in a criminal contempt proceeding.

Therefore, I would vacate the contempt order and remand for a new contempt hearing after proper notification.