An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-673

NORTH CAROLINA COURT OF APPEALS

Filed:  16 December 2014

DONNA TAYLOR,
      Plaintiff

v.

Buncombe County
No. 12 CVD 4993

CHRISTOPHER D. TAYLOR,
      Defendant


Appeal by plaintiff from order entered 6 November 2013 by Judge Ward D. Scott in Buncombe County District Court.  Heard in the Court of Appeals 22 October 2014.

> *The Moore Law Firm, by Jennifer W. Moore, for Plaintiff.*
>
> *Steven Kropelnicki for Defendant*


ERVIN, Judge.

Plaintiff Donna Taylor (now Sampson) appeals from an order holding her in civil contempt and establishing conditions by means of which she was entitled to purge herself of contempt. On appeal, Plaintiff contends that the trial court erred by holding her in contempt, establishing a set of unreasonable conditions by means of which she could purge herself of contempt, ordering her to purge herself of contempt by paying

compensatory damages to Defendant, and requiring her to pay attorney's fees to Defendant as a purge condition. After careful consideration of Plaintiff's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court erred by determining that Plaintiff could purge herself of civil contempt by paying compensatory damages to Defendant, that those portions of the trial court's order requiring that Plaintiff pay compensatory damages to Defendant as a purge condition should be vacated, and that the remainder of the trial court's order should be affirmed.

## I. Factual Background

Plaintiff and Defendant were married on 10 November 1992 and separated 3 September 2012. On 17 October 2012, Plaintiff filed an action seeking equitable distribution, post-separation support, and alimony. On 28 November 2012, the parties settled the outstanding equitable distribution claim and Plaintiff dismissed her claims for post-separation support, alimony, and attorney fees. On 15 January 2013, Judge Julie Kepple entered a judgment that embodied the terms of the 28 November 2012 agreement and that awarded Plaintiff, among other things, the marital residence, an automobile, household goods and other items of property exclusive of "[D]efendant's personal

belongings that may still be situated in the home" and "the contents of the garage as of the date of separation which shall be the sole property of the Defendant." In addition to his personal belongings and the contents of the garage, Defendant was also awarded, among other things, "[h]is jewelry including his wedding ring"; "[a]ll property owned by him prior to the marriage and any property acquired by gift or inheritance"; a "1952 Chevy truck and all parts associated with the vehicle" which was "currently titled in the name of Plaintiff's father," with Plaintiff being ordered to "request that her father transfer that title to Defendant."

On 22 December 2012, Defendant brought his father and cousin to the former marital residence for the purpose of retrieving the items listed in the 15 January 2013 judgment. Defendant was not, however, able to recover any of these items because deputies from the Buncombe County Sheriff's Department arrived and informed him that he was not supposed to be on the property. On 26 February 2013, the parties entered into a consent order which provided that, "[o]n 02 March 2013, Plaintiff shall allow Defendant to remove all items of personal property awarded to him in the Equitable Distribution Judgment," with "[a]ll items that have been awarded to Defendant in the Judgment [to] be placed in the garage for Defendant to take."

The trial court entered a civil restraining order against Defendant by consent on the same day.

Defendant arrived at the marital residence to take possession of the property allocated to him in the 15 January 2013 judgment on 2 March 2013. However, Defendant was refused access to the Chevrolet truck by an off-duty deputy hired by Plaintiff. In addition, Defendant found that a number of items to which he was entitled and that had been left in the garage on the date of separation were missing.

On 6 March 2013, Defendant filed a motion seeking the entry of an order finding Plaintiff in contempt for refusing to allow him to retrieve all of the items that he had been awarded in the 15 January 2013 judgment. On 11 April 2013, a hearing on Defendant's motion was held. At that hearing, Defendant described the items that he was and was not able to retrieve from the marital property, including, but not limited to, the 1952 Chevrolet truck and associated parts.

On 26 April 2013, the trial court entered an order finding Plaintiff in civil contempt; authorizing her to purge herself of the contempt by complying with prior orders of the court; and ordering her to allow Defendant to enter the home, the shed, and the garage that were located on the site of the marital residence for the purpose of finding and removing the items of

property that had been awarded to him in the 15 January 2013 judgment. On 24 June 2013, the parties were ordered to file affidavits setting forth their opinions with respect to the fair market value of the items that Defendant had not been able to retrieve. Plaintiff and Defendant filed the required affidavits on 3 July 2013 and 9 July 2013, respectively.

On 27 April 2013, Defendant went to the marital residence to retrieve the remaining property to which he was entitled under the 15 January 2013 judgment. At that time, Defendant discovered that several items that he was entitled to remove from the premises were missing or had been tampered with. Although Defendant was able to take the Chevrolet truck into his possession, he noticed, upon further inspection, that metal filings, debris and motor oil had been poured into the engine at some point during the time that the truck was in Plaintiff's possession.

On 25 June 2013, Defendant filed another motion seeking to have Plaintiff held in contempt for failing to comply with the court's prior orders. In his motion, Defendant requested that Plaintiff be held in contempt and incarcerated until she paid the cost of repairing the damaged truck engine, or in the alternative, that Plaintiff be held in criminal contempt and punished for her contemptuous conduct. After holding a hearing

for the purpose of considering Defendant's motion on 27 August 2013, the trial court entered an order on 6 November 2013 finding that Plaintiff had intentionally and deliberately failed to deliver the truck engine to Defendant in good repair despite having had the ability to do so. In addition, the trial court found that Plaintiff had willfully failed to deliver a number of other items with an aggregate value of $5,431.25 to Defendant and that Defendant had incurred $11,240.97 in attorney's fees in connection with his efforts to enforce the 15 January 2013 judgment. The trial court found Plaintiff in civil contempt for violating prior orders of the court and authorized Plaintiff to purge herself of contempt by paying the sum of $5,431.25 to Defendant within 90 days; paying attorney's fees in the amount of $11,240.97 to Defendant within 90 days; and paying "Defendant's invoice for the truck engine for up to $7,000 within 90 days after receipt of the invoice." Finally, the trial court ordered that, in the event that Plaintiff failed to comply with these judicially established purge conditions, Defendant was entitled to seek further relief, including incarceration, by making a proper application to the court. Plaintiff noted an appeal to this Court from the trial court's order.

## I. Legal Analysis

### A. Findings in Support of Legal Conclusions

In her first challenge to the trial court's order, Plaintiff contends that the trial court erred by determining that Plaintiff could purge herself of contempt by paying various amounts of money on the grounds that the trial court's findings of fact failed to support the trial court's decision to hold her in contempt. Plaintiff's contention lacks merit.

A litigant's failure to comply with a prior order of the court constitutes a continuing civil contempt as long as the order remains in force, the purpose of the order may still be served by compliance with the order, the noncompliance by the person to whom the order is directed is willful, and the person to whom the order is directed is able to comply with the order or to take reasonable measures that would permit compliance with the order. N.C. Gen. Stat. § 5A-21. "In a domestic relations action, a consent judgment which has been adopted by the court may be enforced by civil contempt." *Hartsell v. Hartsell*, 99 N.C. App. 380, 384, 393 S.E.2d 570, 573, *appeal dismissed and disc. review denied*, 327 N.C. 482, 397 S.E.2d 218 (1990), *aff'd per curiam*, 328 N.C. 729, 403 S.E.2d 307 (1991). "The standard of review for contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law."

*Trivette v. Trivette*, 162 N.C. App. 55, 60, 590 S.E.2d 298, 302-303 (2004) (quoting *Sharpe v. Nobles*, 127 N.C. App. 705, 709, 493 S.E.2d 288, 291 (1997)). Findings of fact made during a contempt proceeding are "conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing upon their sufficiency to warrant the judgment." *Hartsell*, 99 N.C. App. at 385, 393 S.E.2d at 573.

In her brief, Plaintiff challenges Finding of Fact No. 15, which states that "Plaintiff failed to comply with the terms of the Equitable Distribution Judgment in that she intentionally and deliberately did not distribute the truck engine in good condition, in direct disobedience of the court's order." According to Plaintiff, since neither she nor Defendant owned the truck, the trial court lacked the authority to order the truck's distribution in the 15 January 2013 judgment, a fact that, in Plaintiff's opinion, prohibited the trial court from holding her in contempt for failing to deliver the truck to Defendant in good condition. A decision to accept the validity of Plaintiff's argument would, however, put us in the position of overturning a portion of the original equitable distribution order. Aside from the fact that Plaintiff consented to the entry of the trial court's order, *Nickels v. Nickels*, 51 N.C. App. 690, 693, 277 S.E.2d 577, 579 (stating that "[a] consent

judgment cannot be set aside except upon proper allegation and proof that consent was not in fact given or that it was obtained by fraud or mutual mistake"), *disc. review denied*, 303 N.C. 545, 281 S.E.2d 392 (1981), Plaintiff failed to either note an appeal from the 15 January 2013 judgment in a timely manner, N.C.R. App. P. 3(c)(1) (providing that a party must file and serve a notice of appeal in a civil action within 30 days from the entry of judgment), or seek relief from the equitable distribution judgment pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b). As a result, since Plaintiff consented to the entry of the equitable distribution judgment and has failed to challenge its validity in a legally recognized manner, Plaintiff has no choice except to comply with the trial court's order. As a result, the trial court did not err by utilizing the information contained in Finding of Fact No. 15 to support its decision to find Plaintiff in contempt.

In addition, Plaintiff contends that Finding of Fact No. 6, in which the trial court found that Plaintiff should have delivered the specific items listed in Finding of Fact No. 5 to Defendant in accordance with the 15 January 2013 judgment, lacked adequate evidentiary support given that the items of property listed in Finding of Fact No. 5 were not specifically identified in the 15 January 2013 judgment. In other words,

Plaintiff's argument rests on the contention that she cannot lawfully be held in contempt for failing to allow Defendant to obtain items that she was never ordered to distribute in the first place. Plaintiff has not, however, cited any authority requiring that items of property be identified in an equitable distribution order more distinctly than the property identification provisions of the equitable distribution order in order for the distribution to become mandatory, and we know of none. As a result of the fact that the equitable distribution judgment awarded Defendant, in pertinent part, "the contents of the garage" as of date of separation, "[t]ools," "[h]is jewelry including his wedding ring," and "[a]ll property owned by him prior to the marriage and any property acquired by gift or inheritance" and the fact that the record contains evidentiary support for the trial court's determination that the specific items that Defendant claimed to be entitled to obtain were included in the items of property to be distributed to him in accordance with the provisions of the equitable distribution judgment,[1] the record contained competent evidence to support the

---

[1]At the hearing, Defendant described specific items of jewelry that he was unable to recover, including a gold rope chain, a gold band, a gold nugget band, and a three diamond gold band. In addition, Defendant described the specific tools that he was unable to retrieve from the garage, including a Snap-on torque wrench, a Snap-on double slayer set, a blue point piston ring compressor set, a compound square, a framing square, a

trial court's finding that Plaintiff failed to distribute these items to Defendant as required by the equitable distribution order. As a result, the record contained sufficient evidence to support the trial court's conclusion that certain items of property should have been distributed to Defendant in accordance with the equitable distribution order and that Plaintiff should be held in contempt for failing to turn these items over to Defendant.

The contempt order also determined that Plaintiff should be held in contempt for failing to distribute additional items of property to Defendant.[2] However, the record is devoid of any evidence tending to show that these additional items were in the garage as of the date of separation or that Defendant was otherwise entitled to receive them under the equitable distribution judgment.[3] As a result, given that there was no evidence tending to show that Defendant was entitled to obtain possession of these additional items of property under the equitable distribution judgment, the trial court lacked any

framing hammer, and a wet dry shop vacuum. The trial court found Defendant's description of these missing items to be credible and specifically rejected Plaintiff's testimony concerning the whereabouts of these items.

[2]The items in question included a Buick Grand National Model, a '69 Camaro Model, and a Von Dutch '53 Chevy Truck Matchbox toy.

[3]In fact, Defendant testified that these model cars had been acquired during the marriage.

authority to hold Plaintiff in contempt for failing to distribute these additional items to Defendant.

The fact that the trial court erred in this limited respect is not, however, sufficient to support an award of relief from the trial court's contempt order. An "appellant must not only show error, but also that the error is material and prejudicial, amounting to a denial of a substantial right and that a different result would likely have ensued." *Cook v. Southern Bonded, Inc.*, 82 N.C. App. 277, 281, 346 S.E.2d 168, 171 (1986), *disc. review denied*, 318 N.C. 692, 351 S.E.2d 741 (1987). As we have already noted, the record contains numerous instances of contumacious conduct on the part of Plaintiff, who deliberately delayed distributing property to which Defendant was clearly entitled under the equitable distribution judgment, such as the tools and jewelry discussed earlier in this opinion. Plaintiff's failure to distribute these items of property formed a more than sufficient basis for the trial court's finding that Plaintiff should be held in contempt without regard to the fact that Defendant did not receive the additional items of property discussed in the preceding paragraph. In view of this fact and our subsequent holding that the trial court lacked the authority to require Plaintiff to reimburse Defendant for the missing items as a purge condition, Plaintiff has not been prejudiced by

the trial court's decision to hold Plaintiff in contempt because she failed to distribute these additional items of property to Defendant. As a result, the trial court did not commit prejudicial error by holding Plaintiff in contempt for her failure to comply with prior orders of the court.

## B. Failure to Establish Purge Conditions

Secondly, Plaintiff contends that the trial court erred by finding her in contempt without affording her an opportunity to purge herself of contempt. More specifically, Plaintiff contends that the trial court lacked the authority to find her in contempt for violating the 26 April 2013 contempt order given that the purge conditions contained in the 26 April 2013 order were so vague that Plaintiff could not possibly comply with them. Plaintiff is not entitled to relief from the trial court's order on the basis of this contention.

An order holding a person in civil contempt must specify the manner in which the person being held in contempt can purge himself or herself of the contempt. N.C. Gen. Stat. § 5A-22. The purge conditions adopted in response to this requirement cannot be so vague as to render it impossible for an individual to purge himself or herself of the contempt. *Watson v. Watson*, 187 N.C. App. 55, 65, 652 S.E.2d 310, 317 (2007), *disc. review denied*, 362 N.C. 373, 662 S.E.2d 551 (2008). Although Plaintiff

now complains that the purge provisions of the 26 April 2013 order were impermissibly vague, she did not, however, note a timely appeal to this Court from the 26 April 2013 order and has not sought to have that order set aside. N.C. R. App. P. Rule 3(c)(1) (providing that a party wishing to challenge a trial court order on appeal must file and serve a notice of appeal within thirty days after the entry of judgment). Thus, since the 26 April 2013 order remains in full force and effect and since Plaintiff is not contending that the allegedly vague purge conditions precluded her from understanding her obligation to turn over various items of property to Defendant, Plaintiff is not entitled to collaterally attack the validity of the 26 April 2013 order in the course of an appeal taken from a later order. As a result, since this aspect of Plaintiff's challenge to the trial court's order is not properly before us,[4] Plaintiff is not entitled to relief from the trial court's order on the basis of this argument.

_____

[4]Plaintiff has not argued that that order that is before us in this case did not delineate a series of steps that Plaintiff could take in order to purge herself of contempt. Any such contention would have been patently devoid of merit given that the order at issue here specifically provided that Plaintiff could purge herself of contempt by paying Defendant the value of the items that Defendant should have received pursuant to the equitable distribution order, reimbursing Defendant for the attorney's fees that he incurred in attempting to enforce the trial court's order, and paying the cost of having the truck engine repaired.

## C. Validity of Specific Purge Conditions

## 1. Compensatory Damages

Thirdly, Plaintiff contends that the trial court erred in ordering that Plaintiff could purge herself of civil contempt by paying Defendant compensatory damages since the trial court lacked the authority to require the payment of compensatory damages as a purge condition. Defendant's contention has merit.

According to the prior decisions of this Court, a trial judge has no authority to award indemnifying fines or other compensation to a private party in a civil contempt proceeding, *see Hartsell*, 99 N.C. App. at 390-92, 393 S.E.2d at 577; *United Artists Records, Inc. v. Eastern Tape Corp.*, 18 N.C. App. 183, 187, 196 S.E.2d 598, 601-02, *cert. denied*, 283 N.C. 666, 197 S.E.2d 880 (1973), even if the party being held in contempt deliberately and negatively affected the value of the other party's property while it was in his or her possession. *See Hartsell*, 99 N.C. App. at 384, 393 S.E.2d at 573 (holding that an award of compensatory damages in a contempt proceeding was inappropriate despite the fact that, "when plaintiff took possession of the [residence from the defendant,] it was a 'wreck' in that the house was full of garbage, the water pipes had burst, flooding the inside, the yard was overgrown and full of weeds, and part of a bedroom floor was rotted out where rain

had come in through an open window"). As we have already noted, the trial court found in its contempt order that "Defendant should be reimbursed by Plaintiff for the replacement cost of the engine" and authorized Plaintiff to purge herself of contempt by paying "Defendant's invoice for the truck engine for up to $7,000 within 90 days after receipt of the invoice." In addition, the trial court found that the missing items that Defendant should have received under the 15 January 2013 order had a value of $5,431.25 and imposed a purge condition requiring Plaintiff to pay that sum to Defendant. The clear effect of these purge conditions was to require Plaintiff to compensate Defendant for the value of his missing property and for the damage that Plaintiff had inflicted upon the truck engine. As a result of the fact that the trial court lacked the authority to require Plaintiff to pay compensatory damages in order to purge herself from contempt, we must vacate the compensatory damage portions of the trial court's civil contempt order.

## 2. Attorney's Fees

Finally, Plaintiff contends that the trial court erred by requiring Plaintiff to pay Defendant's attorney's fees in the amount of $11,240.97. More specifically, Plaintiff contends that the trial court did not properly hold Plaintiff in contempt

and that the attorney's fee award should be overturned for that reason. We are not persuaded by Plaintiff's argument.

As this Court has previously determined, a trial judge may impose a purge condition requiring the payment of the other litigant's attorney's fees in a case in which a party has been found to be in contempt for violating an equitable distribution order, *Watson*, 187 N.C. App. at 69, 652 S.E.2d at 320, even if the trial court also unlawfully required the payment of compensatory damages as a purge condition in the same case. *See Hartsell*, 99 N.C. App. at 389-90, 393 S.E.2d at 576 (sustaining an award of attorney's fees despite having invalidated the trial court's award of compensatory damages in a case in which the defendant had failed to comply with a provision contained in an equitable distribution order requiring him to clean a house and deliver it to the plaintiff in a tidy condition). In apparent recognition of the trial court's right to require her to pay attorney's fees to Defendant in contempt cases, Plaintiff asserts that the trial court lacked the authority to require the payment of Defendant's attorney's fees as a purge condition on the theory that the trial court erred by holding her in contempt, a contention that we have rejected earlier in this opinion. As a result, given that the trial court properly found Plaintiff to be in contempt for her failure to comply with the

trial court's earlier orders, the trial court did not err by ordering Plaintiff to pay Defendant's attorney's fees as a purge condition.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that Plaintiff has not established that the trial court's decision to hold her in contempt should be overturned on appeal or that the trial court erred by requiring her to pay Defendant's attorney's fees as a purge condition.  However, the trial court did err by ordering Plaintiff to pay Defendant compensatory damages as a purge condition.  As a result, those portions of the trial court's contempt order requiring Plaintiff to pay Defendant compensatory damages should be, and hereby are, vacated, while the remainder of the trial court's order should be, and hereby is, affirmed.

AFFIRMED IN PART AND VACATED IN PART.

Judges BRYANT and ELMORE concur.

Report per Rule 30(e).