LESSIE MAE C. HUDSON v. GRANGER C. HUDSON

No. 761DC508

(Filed 1 December 1976)

Divorce and Alimony § 23— failure to make child support payments — contempt of court — payment of delinquent amounts before contempt hearing
    The court erred in holding defendant in contempt for failure to make child support payments on time in accordance with the court's prior order where the record shows that defendant paid the delinquent amounts between the time the motion to hold him in contempt was filed and the time of the hearing on the motion.

APPEAL by defendant from *Chaffin, Judge*. Judgment entered 20 February 1976 in District Court, PASQUOTANK County.

Heard in the Court of Appeals 16 November 1976. This is a civil action instituted by the plaintiff, Lessie Mae C. Hudson, for the custody and support of minor children against defendant, Granger C. Hudson, heard on plaintiff's motion to find the defendant in contempt for his wilful failure to comply with the court's order to support the minor children. The pertinent portions of the record before us disclose the following:

On 23 August 1974 the district court entered an order providing that beginning 8 August 1974 defendant pay $50.00 "every two weeks" for the support of his two minor children plus all medical and dental expenses of said children. On 6 October 1975 the plaintiff filed a motion to have the defendant show cause why he should not be held in contempt for wilful failure to comply with the foregoing order of the court. In this motion plaintiff alleged that defendant was current with his payments as of 10 July 1975, but that he was delinquent in all payments accruing since 10 July 1975. Plaintiff also alleged that defendant had failed to make payments for certain dental and medical expenses.

According to the record a hearing on plaintiff's motion was held on 3 November 1975 at which time the court entered an order finding the defendant in contempt for wilfully failing to make the payments pursuant to the 23 August 1974 order, but the judgment was not reduced to writing until 20 February 1976. In the written judgment, dated 20 February 1976, the court made the following pertinent findings and conclusions:

"After hearing all of the evidence that was presented by both the plaintiff and the defendant, [at the 3 November 1975 hearing], the Court found and does find the following facts:

(1) That this was a hearing to determine if the defendant was in willful contempt of the Court by violation of its order dated August 23, 1974, and that the Court had jurisdiction to hear the same and that all parties were properly before the Court and had an opportunity to present their evidence.

(2) That the defendant is the father of two minor children, Ronald Hudson and Donald Hudson, and that the defendant was by a previous order of Honorable Wilson F. Walker, Jr., District Court Judge, dated August 23, 1974,

Hudson v. Hudson

ordered to pay the sum of Fifty Dollars ($50.00) every two weeks, plus all medical and dental expenses of said children including hospital and doctor expenses.

(3) That the defendant was found to be in willful contempt in that:

(A) Prior to the motion being executed by the plaintiff on October 6, 1975, the defendant had willfully made no payment for the support of said children, Ronald Hudson and Donald Hudson, since the July 10, 1975 payment which was paid on July 26, 1975, and was therefore in violation of said order previously entered by Honorable Wilson F. Walker, Jr., District Court Judge.

(B) That defendant was amply able, from his current income, to make such payments of support.

(C) That the Court found that there was not sufficient evidence to find the defendant guilty as in willful contempt for failure to make payment of the dental services rendered by Dr. William Spence and the balance owed to Albemarle Eye Care Center, Ltd. for services rendered to Ronald Hudson.

It was therefore ORDERED, ADJUDGED AND DECREED that the defendant was held to be in violation of said order and as for willful contempt of the same in that he failed to make said support payments as ordered by the Court in said order, and:

(1) He was sentenced to serve thirty (30) days in the Tri-County Jail in Elizabeth City, North Carolina.

(2) That the defendant was allowed to purge himself of this contempt by:

(A) Paying all of the delinquent payments of support for said children and continue to make each and every other support payment on date due as provided in said order through the Office of the Clerk of Superior Court of Pasquotank County, and

(B) Within thirty (30) days from date, furnish proof to the Court that the defendant has paid to Dr. William Spence the remainder of the bill owed to Dr. William Spence for dental services rendered to said children, and

has made satisfactory arrangements with the Albemarle Eye Care Center, Ltd. to make payment for services rendered to Ronald Hudson in the amount of $72.00, and

(C) Pay to E. Ray Etheridge, the plaintiff's attorney, the sum of Two Hundred Dollars ($200.00) to be applied to the plaintiff's attorney fees, which fees were to be paid within thirty (30) days from date of the hearing."

*    *    *

"It is therefore ORDERED, ADJUDGED and DECREED

(1) That the defendant is held to be in violation of the order of Honorable Wilton F. Walker, Jr., District Judge, dated August 23, 1974, as previously set forth in this judgment and that defendant is sentenced to serve thirty (30) days in the Tri-County Jail in Elizabeth City, North Carolina.

(2) That the defendant pay to E. Ray Etheridge, the plaintiff's attorney, the sum of $200.00 to be applied to the plaintiff's attorney fees in addition to those ordered by the Court to be paid at the hearing dated November 3, 1975.

This 20th day of February, 1976."

Defendant appealed.

*E. Ray Etheridge for plaintiff appellee.*

*Franklin B. Johnston for defendant appellant.*

HEDRICK, Judge.

The record before us shows that the parties were unable to agree upon a record on appeal and the court settled the record on appeal pursuant to Appellate Rule 11 by order dated 11 June 1976. The court included in the record on appeal its own "Statement of the Record by the Court," wherein the court attempted to set out in narrative form what had transpired in the case both before and after the hearing held on 3 November 1975. In that "Statement" we find the following: "[T]he defendant paid $300.00 to the plaintiff for the support of his children after motion for contempt was filed by the plaintiff and just prior to the date of said hearing [on 3 November]." The record affirmatively shows that when plaintiff's motion to have the

Hudson v. Hudson

defendant show cause why he should not be held in contempt was made on 6 October 1975, the defendant was delinquent in his support payments in the amount of $250 with another $50 payment due on 9 October 1975. According to the judge's own "Statement" the defendant paid $300 "after motion for contempt was filed by the plaintiff and just prior to the date of said hearing [on 3 November]." Thus it appears the defendant purged himself of any possible contempt between the time of the filing of the motion and the hearing on the motion on 3 November which resulted in his being found in contempt. A careful reading of the findings of fact set out in the judgment dated 20 February 1976 reveals that the court chose to ignore the $300 payment made on 13 October 1975 and attempted to base its conclusion that defendant was in contempt on the finding that he had wilfully failed to make the payments on time in accordance with the court's former order. The purpose of a civil contempt proceeding such as is involved in this case is to force the defendant's compliance with the court's order. To hold the defendant in contempt after that very purpose has been achieved is ordinarily contrary to the concept of the proceeding.

We hold the record before us fails to support the court's conclusion that defendant was in contempt for his wilful failure to comply with the court's order of support dated 23 August 1974. We point out, however, that our decision is based upon the fact that at the time of the hearing on 3 November 1975 defendant was in full compliance with the court's order as of 6 October 1975, the date on which the motion was filed. Whether the defendant has complied with the orders of the court with respect to the payments of support since the payment of $300 on 13 October 1975 and whether the defendant has paid the $200 attorney fee ordered on 3 November 1975 and the additional $200 attorney fee ordered on 20 February 1976 is not before us.

For the reasons stated that portion of the order finding the defendant in contempt and ordering him to be imprisoned for 30 days must be vacated.

The judgment from which defendant appealed requires the defendant to pay plaintiff's attorney a fee of $200 for representing the plaintiff through the hearing on 3 November 1975, and an additional fee of $200 for the hearings thereafter, in-

cluding the hearing on 16 February 1976. The question of the validity of this portion of the judgment is not specifically discussed in defendant's brief. However, since the appeal itself raises the question of whether the findings support the order, we deem it necessary to point out that the record supports the award of the attorney fees totaling $400.

The result is—that portion of the judgment finding the defendant in contempt and ordering him imprisoned for 30 days is vacated; that portion of the judgment ordering the defendant to pay plaintiff's attorney fee totaling $400 is affirmed.

Vacated in part and affirmed in part.

Chief Judge BROCK and Judge PARKER concur.