MAXINE B. CONRAD v. JOSEPH E. CONRAD

No. 8626DC177

(Filed 16 September 1986)

1. **Divorce and Alimony § 30— equitable distribution—refusal to comply with order—payment of attorney fees required for purging from contempt**

    The contempt power of the district court includes the authority to require one to pay attorney fees in order to purge oneself from a previous order of contempt for failing and refusing to comply with an equitable distribution order.

2. **Divorce and Alimony § 30— equitable distribution—award of stock—refusal to comply with order—purging from contempt—award of present value of stock proper**

    In an order purging defendant of contempt for failure to comply with an order of equitable distribution of marital property, the trial court properly awarded plaintiff the present value of the stock which had been assigned to her when the initial judgment was entered, and this was properly accomplished by compensating plaintiff for the stock splits and dividends which had occurred between the time the judgment was entered and the time the order was entered purging defendant of contempt.

APPEAL by defendant from *Brown (L. Stanley), Judge.* Orders entered 9 August 1985 and 21 November 1985 in District Court, MECKLENBURG County. Heard in the Court of Appeals 19 August 1986.

Plaintiff and defendant were married in 1950. In 1981 they separated. In February 1982 plaintiff filed suit seeking equitable distribution. In June 1983 the equitable distribution claim was tried. On 10 November 1983, a written judgment was entered. Defendant did not appeal.

Defendant refused to comply with the terms of the equitable distribution judgment. On 4 June 1984, the court held a show cause hearing. The court then gave defendant 30 days to comply with the judgment. Defendant refused. On 13 August 1984, another hearing was held. On 20 August 1984, a judgment was entered finding that defendant had willfully refused to comply with the earlier judgment even though he had the ability to do so. The court adjudged defendant to be in contempt and ordered him incarcerated in the Mecklenburg County jail until he came forward with a proposal to deliver to plaintiff the property, part of which consisted of stock certificates, to which she was entitled.

On 23 July 1985, three hundred and forty-seven days after he had been held in contempt, the court entered an order which allowed defendant to be released from jail upon the transfer of certain money and stock certificates to the plaintiff. From this order, defendant appealed.

*Kenneth T. Davies for defendant appellant.*

*Delaney and Sellers, by Timothy G. Sellers, for plaintiff appellee.*

ARNOLD, Judge.

[1] The first issue presented for review is whether the court erred in awarding the plaintiff attorney fees. Defendant argues that attorney fees were not proper because the Equitable Distribution Act, G.S. 50-20 *et seq.*, does not provide for the recovery of attorney fees and because the court did not find defendant in wilful contempt of court.

In *Blair v. Blair*, 8 N.C. App. 61, 173 S.E. 2d 513 (1970), this Court held that a district court judge had the authority to require

one whom he has found in wilful contempt of court for failure to comply with a child support order to pay reasonable counsel fees as a condition of being purged of contempt. We find the principles and reasons set forth in *Blair* to be persuasive and extend them to cases where equitable distribution is involved. We hold that the contempt power of the district court includes the authority to require one to pay attorney fees in order to purge oneself from a previous order of contempt for failing and refusing to comply with an equitable distribution order. Thus, we find no error in the court's award of attorney fees in this matter.

[2] Defendant also contends the court erred by "amending the judgment of equitable distribution." In each of his remaining questions defendant complains because the court required him to transfer to the plaintiff the present value of the stock which was awarded in the earlier judgment.

In its order purging defendant of contempt, the trial court awarded the plaintiff the present value of the stock which had been assigned to her when the initial judgment had been entered. This was accomplished by compensating her for the stock splits and the dividends which had occurred between the time the judgment was entered and the time the order was entered purging defendant of contempt. It was proper for the trial court to require the defendant to compensate the plaintiff for the stock splits and the dividends which she would have received had defendant not been recalcitrant in carrying out the trial court's orders. To hold consistent with the defendant's position would encourage people to disobey the trial court's orders knowing that the court could not require them to compensate their former spouse for monetary loss caused by their actions. We decline to accept this position. We have carefully reviewed the order purging the defendant of contempt and find it to be proper.

Affirmed.

Judges EAGLES and PARKER concur.