M. G. NEWELL COMPANY, INC. v. CONRAD WYRICK

No. 8718SC544

(Filed 2 August 1988)

1. **Contempt of Court § 5.1 — sufficiency of notice of contempt proceedings**

There was no merit to defendant's contention that civil and criminal contempt adjudications were invalid because he had only five hours notice of the hearing for civil contempt rather than five days as required by N.C.G.S. § 5A-23(a) and no notice at all that his criminal contempt would be considered, since pursuant to the statute, the trial judge was authorized to shorten the notice period for good cause, and N.C.G.S. § 5A-23(g) expressly authorizes a judge conducting a hearing to determine civil contempt to "find the person in criminal contempt for the same conduct" upon making the required findings.

2. **Contempt of Court § 7 — punishment — excessive fine — no award of damages to private party allowed**

The trial court erred in requiring defendant in a criminal contempt proceeding to pay $3,150 in damages to plaintiff, since N.C.G.S. § 5A-12 limits the punishment which can be imposed to a fine of $500 and 30 days in jail, and damages may not be awarded to a private party because of any contempt.

3. **Attorneys at Law § 7.5 — criminal contempt proceeding — defendant not required to pay plaintiff's attorney's fees**

The trial court in a criminal contempt proceeding erred in requiring defendant to pay plaintiff's attorney's fees, since no statute authorizes the taxing of attorney's fees under the circumstances of this case.

4. **Contempt of Court § 7 — suspension of jail sentences — condition improper**

Provisions in contempt adjudications suspending jail sentences imposed upon the condition that defendant not compete with plaintiff before 31 December 1988 were invalid, since the consent judgment which defendant violated provided for the non-competition term to end on 31 January 1988, and the court had no authority to extend the period beyond that agreed to and ordered.

APPEAL by defendant from *DeRamus, Judge.* Judgment entered 9 January 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 1 December 1987.

Plaintiff sells equipment and supplies used in processing milk, ice cream and pharmaceuticals, and on 30 November 1984 when defendant was its President the parties entered into an employment agreement in which defendant covenanted *not to* compete with plaintiff for two years after leaving its employment, which he did two and a half weeks later. On 3 February 1986,

following correspondence between the parties about defendant converting certain of plaintiff's property and violating the non-competition agreement on certain occasions, this action was instituted and the parties signed a consent judgment in it. In the consent judgment defendant admitted that he had violated the covenant not to compete and owed plaintiff $4,557.29 for converting its property and he consented to being enjoined from competing with plaintiff in a certain described territory until 31 January 1988. On 7 February 1986, by registered mail in compliance with Rule 4(j)(1)c, N.C. Rules of Civil Procedure, defendant was served with a copy of the summons and complaint alleging his breach of the non-competition agreement and conversion of plaintiff's property as stated in the consent judgment. On 12 February 1986 the consent judgment was signed by Judge Albright. On 29 August 1986, based upon allegations that defendant had violated the judgment by selling Coble Dairy Products Cooperative, Inc. in Lexington approximately $2,200 worth of forbidden articles, plaintiff moved for an order for defendant to show cause why he should not be adjudged in contempt and a copy of the motion was served on him. On 17 September 1986 plaintiff served notice on defendant that it was going to take his deposition on 1 October 1986, but defendant objected upon the ground that plaintiff's purpose was to have him declared "to be in contempt of a lawful Order of Court" and moved for a protective order. By a response to plaintiff's show cause motion filed on 1 October 1986 defendant admitted that the consent judgment was entered on 12 February 1986 and pled as specific defenses only that "the Judgment was without consideration" and the motion endangered his rights against self-incrimination. On 30 December 1986 defendant was subpoenaed to appear in court and testify in this proceeding Monday morning, 5 January 1987, at 9:30, and he appeared at the designated time. After hearing both parties in regard to scheduling the show cause hearing, Judge DeRamus set the hearing for that afternoon at 3:30.

At the hearing defendant and several witnesses for the plaintiff testified, from which Judge DeRamus found that defendant had been and was wilfully violating the terms of the judgment and adjudged him to be in both civil and criminal contempt. For the civil contempt the judge ordered defendant's incarceration for an unspecified period but provided that he could purge himself by

stating (1) in writing that he understood the nature and extent of plaintiff's business and the terms and conditions of the consent judgment and order; and (2) that he would not compete with plaintiff through 31 December 1988. For the criminal contempt the court sentenced defendant to the county jail for 30 days, but suspended the sentence and put defendant on probation until 31 December 1988 upon condition that he (a) pay plaintiff $3,150 for commissions and profits earned in unlawfully competing with plaintiff's business; (b) pay a $500 fine and the costs of court, including reasonable fees for plaintiff's counsel; (c) not violate the terms of the consent judgment before 31 December 1988.

*Adams Kleemeier Hagan Hannah & Fouts, by Joseph W. Moss and George W. Jarecke, for plaintiff appellee.*

*Greeson, Allen and Floyd, by Harold F. Greeson, for defendant appellant.*

PHILLIPS, Judge.

Of defendant's numerous contentions one is moot, as well as fanciful and farfetched—that his constitutional rights were abridged by being required to state in purging himself of civil contempt that he understood the consent judgment he had signed and the nature and extent of plaintiff's business which he used to run. And three more—that the trial court never had jurisdiction over him, consequently the consent judgment is void, and the contempt findings are invalid in any event because they are based just on "past acts"—are groundless on the face of the record. For even if the court had not already obtained jurisdiction over defendant by serving him with process by registered mail in compliance with Rule 4, as the record plainly indicates was done, by contesting both the notice to take his deposition and the show cause motion on grounds other than the court's lack of jurisdiction over him, defendant made a general appearance in the proceeding and thus submitted himself to the jurisdiction of the court, Rule 12(h)(1), N.C. Rules of Civil Procedure; *Blackwell v. Massey*, 69 N.C. App. 240, 316 S.E. 2d 350 (1984); and the court's findings of contempt, instead of being based just on past acts, as defendant argues, are explicitly based upon his continuing violation of the judgment to the day of the hearing, as his own testimony established.

[1]   Two more contentions — that both contempt adjudications are invalid because he had only five hours notice of the hearing for civil contempt, rather than five days as G.S. 5A-23(a) requires, and had no notice at all that his criminal contempt would be considered — are likewise without merit. As to civil contempt, G.S. 5A-23(a) in pertinent part provides:

> The order or notice must be given at least five days in advance of the hearing *unless good cause is shown.* (Emphasis supplied.)

Thus, the judge was authorized to shorten the notice period for good cause, which he found upon undisputed facts to the effect that defendant had known for several months of the particular charges pending against him, had had ample opportunity to prepare to meet them, and all the witnesses, some of whom had been in court on earlier occasions, were present, along with the parties. Indeed, defendant's lawyer then, but not now, acknowledged to the court that he had had ample opportunity to discuss the charges with defendant and his argument for delaying the hearing was based, not upon any unreadiness to proceed, but upon his mistaken impression that a hearing upon less than five days notice was automatically invalid. Not only did the court have good cause for shortening the notice period but defendant could not have been prejudiced by it, since the purpose of notice is to enable the one charged to prepare his defense, *O'Briant v. O'Briant,* 313 N.C. 432, 329 S.E. 2d 370 (1985), and defendant's own testimony, in which he admitted that he had been violating the judgment terms for months, showed that he had no defense. And as to the criminal contempt, under the circumstances defendant was entitled to no notice, as G.S. 5A-23(g) expressly authorizes a judge conducting a hearing to determine civil contempt to "find the person in criminal contempt for the same conduct" upon making the required findings.

[2-4]   But defendant's contentions that three conditions the court required him to meet in order to purge himself of the contempts are invalid do have merit. *First,* the provision in the criminal contempt adjudication requiring defendant to pay $3,150 in damages to plaintiff is invalid, because G.S. 5A-12 limits the punishment that can be imposed for criminal contempts of this type to a fine of $500 and 30 days in jail; and in *Glesner v. Dembrosky,* 73 N.C.

App. 594, 327 S.E. 2d 60 (1985), it was held that damages may not be awarded to a private party because of any contempt, which is an offense against the State. Though plaintiff argued otherwise in the brief it cited no authority for its position. *Second*, the provision in the criminal contempt adjudication requiring defendant to pay plaintiff's attorney's fees is also invalid; because under our law attorney's fees are taxable against a party only when authorized by statute, *United Artists Records, Inc., et al. v. Eastern Tape Corp.*, 18 N.C. App. 183, 196 S.E. 2d 598, *cert. denied*, 283 N.C. 666, 197 S.E. 2d 880 (1973), and no statute authorizes the taxing of attorney's fees under the circumstances recorded here. Nor for that matter are we aware of any North Carolina Court decision that might authorize the award. *Conrad v. Conrad*, 82 N.C. App. 758, 348 S.E. 2d 349 (1986), relied upon by plaintiff, does not apply as that case involved the enforcement of an equitable distribution award by *civil* contempt. *Third*, the provisions in both contempt adjudications suspending the jail sentences imposed upon the condition that defendant not compete with plaintiff before 31 December 1988 are also invalid. Since the consent judgment provided for the non-competition term to end on 31 January 1988 the court's authority was only to enforce that provision; it had no authority to extend the period beyond that agreed to and ordered. *Masterclean of North Carolina v. Guy*, 82 N.C. App. 45, 345 S.E. 2d 692 (1986). Though plaintiff again argued otherwise in the brief, no authority for its position was cited.

The judgment provisions held to be invalid are vacated and the rest of the judgment is affirmed.

Vacated in part; affirmed in part.

Judges WELLS and PARKER concur.