BRYAN TATE HELMS, Plaintiff,
v.
ANGELIQUE LANDRY, Defendant.
No. COA08-1256
Court of Appeals of North Carolina
Filed July 21, 2009
This case not for publication
Angelique Landry, pro se for defendant-appellant.
No brief was filed for plaintiff-appellee.
WYNN, Judge.
Our review of a civil contempt order is limited to whether there is competent evidence to support the findings of fact and whether those findings, in turn, support the conclusions of law.[1] Although Defendant argues that the trial court erred in holding her in civil contempt, she fails to challenge any of the trial court's findings that support the conclusion holding her in contempt. Accordingly, we must affirm the trial court's order of contempt.
The parties to this action are the unmarried parents of a minor son. In a 2002 order, the trial court initially awarded custody to the mother, Defendant Angelique Landry, with visitation to the father, Plaintiff Bryan Helms. However in December 2005, the trial court modified the order to grant custody to Plaintiff and visitation rights to Defendant.
In January 2006, Plaintiff filed a motion in the cause, alleging that Defendant willfully failed to return the minor child to him on 2 January as required by the order. The trial court conducted a hearing on 10 January 2006 and thereafter found that "rather than return [minor] to his father, mother sent the minor child with his maternal grandmother . . . to Sarasota, Florida." The court concluded "Defendant's visitation with the minor child .. . is suspended and she is to have no contact with said minor child unless the Union County, North Carolina Department of Social Services is willing to supervise visitation . . . ." On 8 March 2006, the trial court entered two orders, holding Defendant in civil and direct criminal contempt of court, and requiring her to pay reasonable attorney's fees.
On 18 March 2008, Plaintiff filed a motion in the cause for contempt, alleging that Defendant "wilfully failed and refused to abide by" the court's previous order by going to the minor child's school on 14 March and 17 March 2008, attempting to visit the child without supervision, and failing to make any of the payments of attorney's fees. On 12 May 2008, the trial court entered an order, concluding that Defendant was not in contempt for failing to pay attorney's fees but was in civil contempt for her "wilful" and "direct violation" of the court's previous orders restricting her visitation rights. In the order, the trial court committed Defendant to a 30-day term, but suspended her sentence on the condition that she "obey the previous Orders of this Court and not go back to the minor child's school . . . and if, for any reason, she has contact with the minor child . . . that she is not to mention any of the matters pertaining to this case . . . ."
Defendant appeals the 12 May 2008 contempt order, arguing that the trial court erred by (I) concluding that she was not in compliance with the court's previous orders; (II) failing to state how she could purge herself of the contempt; and (III) issuing an order without proper subject matter jurisdiction.[2]

I.
First, Defendant argues that the trial court erred as a matter of law by concluding that she was in "non-compliance with this Court's Orders" because "there was no evidence submitted to show that [she] had returned to Waxhaw Elementary School on or after 18 March 2008, which is the filing date of Plaintiff's Motion in the Cause for Contempt and the filing date of the Order to Show Cause." Defendant does not challenge any of the court's findings or conclusions directly; instead, she argues that she was in compliance with the court's orders at the time of the contempt hearing because she had not violated the orders since the motion in the cause was filed on 18 March 2008. We find this argument to be without merit.
Our review of a civil contempt order is limited to whether there is competent evidence to support the findings of fact and whether those findings, in turn, support the conclusions of law. Sharpe, 127 N.C. App. at 709, 493 S.E.2d at 291. Thus, where there is competent record evidence to support the trial court's findings, we treat them as conclusive on appeal. Accordingly, this Court will find no error in a lower court's order of "continuing civil contempt" provided there is competent evidence in the record to support its findings, and those findings in turn support its conclusions of law.
Under N.C. Gen. Stat. § 5A-21(a)(2007):
Failure to comply with an order of a court is a continuing civil contempt as long as:
(1) The order remains in force;
(2) The purpose of the order may still be served by compliance with the order;
(2a) The noncompliance by the person to whom the order is directed is willful; and
(3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.
(emphasis added).
Here, the trial court made the following pertinent findings of fact in its 12 May 2008 order, each supported by competent record evidence, including Defendant's own testimony at the 6 May 2008 hearing:
4. An Order dated January 10, 2006, was entered by Judge Harper [sic] stated as follows:
"That Defendant's (Mother's) visitation with the minor child, [], is suspended and she is to have no contact with said minor child unless the Union County, North Carolina Department of Social Services is willing to supervise visitation with [the minor child] and the Defendant (Mother). If so, visitation is to occur between Defendant (Mother) and the minor child, [], only in the presence of personnel from the Union County, North Carolina Department of Social Services at such times and places as they deem appropriate."
5. A further Order was entered in this matter on February 6, 2006, by Judge Harper, and the Order provided as follows:
"Defendant's (Mother's) visitation with the parties' minor child, [], continues to be suspended unless the Department of Social Services in Union County, North Carolina is willing to directly supervise said visitation."
. . .
7. Mother went to the minor child's school, Waxhaw Elementary School, on March 14, 2008, admittedly for the purpose of having lunch with [], the parties' minor child, and she did, in fact, do so. This is in clear violation of both of the aforesaid Orders entered in this matter. Mother made the same attempt on March 17, 2008, however, she was refused admittance to the school by school authorities.
The trial court then concluded:
2. The aforesaid Orders are still in full force and effect and the purpose thereof may be served by compliance with said Orders.
3. Mother's non-compliance with this Court's Orders was wilful.
4. Mother has the means and ability to comply with this Court's Orders, or can take reasonable measures to enable her to comply.
5. Mother is in civil contempt.
By visiting the minor child's school on two occasions, Defendant willfully failed to comply with the court's 10 January and 6 February 2006 orders suspending all unsupervised visitation. Because we find that there is competent evidence in the record to support the trial court's findings, and those findings, in turn, support the court's conclusions of law, we reject this assignment of error.
We also note that Defendant relies on two decisions by this Court, Hudson v. Hudson, 31 N.C. App. 547, 230 S.E.2d 188 (1976) and Reynolds v. Reynolds, 147 N.C. App. 566, 557 S.E.2d 126 (2001), rev'd on other grounds, 356 N.C. 287, 569 S.E.2d 645 (2002), to argue that because she had not attempted to visit the minor child after the motion in the cause was filed, she was in compliance with the court's prior orders at the time of the hearing and thus not "in continuing contempt." However, unlike the present case, Hudson and Reynolds involved the issuance of contempt orders as a result of the appealing parties' alleged failure to make court-mandated payments.
In Hudson, this Court held that, where defendant brought his support payments up to date during the time between the filing of the motion for cause and the contempt hearing, he had purged himself of the contempt and thus the trial court's order for contempt was in error. Hudson, 31 N.C. App. at 551, 230 S.E.2d at 190. In Reynolds, this Court reversed the lower court's civil contempt order, concluding the trial court lacked the authority to impose contempt where the defendant fully complied with the court's order to pay attorney's fees prior to the hearing. Reynolds, 147 N.C. App. at 573, 557 S.E.2d at 131. In contrast, the present case involves an order which required Defendant to refrain from certain behaviorprincipally unsupervised visitation with the minor child rather than requiring her to undertake an affirmative act.

II.
Next, Defendant argues that the trial court erred by failing to state the means by which she could purge herself of the contempt charge in its 12 May 2008 order.
Under N.C. Gen. Stat. § 5A-22(a) (2007), a court order "holding a person in civil contempt must specify how the person may purge himself of the contempt." Because "[t]he purpose of civil contempt is not to punish, but to coerce the defendant to comply with the order . . . the purging provision is essential to the order." Bethea v. McDonald, 70 N.C. App. 566, 570, 320 S.E.2d 690, 693 (1984) (internal citation omitted). However, we only vacate a civil contempt order for non-compliance with section 5A-22(a) where the order fails to state how a party may purge the contempt. See, e.g., Nohejl v. First Homes of Craven County, Inc., 120 N.C. App. 188, 461 S.E.2d 10 (1995) (vacating a civil contempt order that did not specify how the defendant could purge the contempt); Bethea, 70 N.C. App. at 570, 320 S.E.2d at 693 (vacating an order regarding custodial visitation because the order did not indicate how the defendant could purge the contempt).
In its 12 May 2008 order, the trial court concluded:
6. Mother has the means and ability to comply with the purged conditions set forth herein.
Further, the trial court's order describes how Defendant may purge herself of the contempt, stating:
[Defendant] is committed to the Sheriff of Mecklenberg County, North Carolina for a period of 30 days however, that term is suspended on condition that [Defendant] obey the previous Orders of this Court and not go back to the minor child's school . . . and if, for any reason, she has contact with the minor child [] that she is not to mention any of the matters pertaining to this case, including comments about the minor child's paternity.
(emphasis added).
Here, the order issued by the trial court specifically includes conditional language, describing how Defendant can purge herself of the thirty-day contempt order: by complying with the court's previous orders suspending unsupervised visitation with the minor child, and by not discussing the custody case with the child in the event she does have contact with him. Because we find that the trial court specified how Defendant may purge herself of contempt as required by section 5A-22(a), we affirm the contempt provision of the 12 May 2008 order.

III.
Finally, Defendant argues that the trial court's 12 May 2008 order is void ab initio because the trial court lacked subject matter jurisdiction when it entered its 12 May 2008 order. Essentially, she argues that the basis of the North Carolina court's jurisdiction over the parties in this matter is a Florida divorce decree, enforced pursuant to URESA, and that URESA does not give North Carolina courts the authority to adjudicate custody or visitation. However, Defendant neither cites any authority in support of her argument nor includes the original Florida order in the record submitted to this Court, as required under the N.C. Rules of Appellate Procedure. See N.C. R. App. P. 9 and 28(b)(6) (2008). Accordingly, this argument is not properly before this Court and is thereby dismissed.
No error.
Judges JACKSON and HUNTER, JR. concur.
Report per Rule 30(e).
NOTES
[1] Sharpe v. Nobles, 127 N.C. App. 705, 709, 493 S.E.2d 288, 291 (1997).
[2] Defendant makes a number of arguments related to the 10 January 2006 and 8 March 2006 orders in her brief. However, these issues are not properly before us as Defendant has only given notice of appeal and assigned error to the 12 May 2008 order, and not the underlying 2006 orders. See N.C. R. App. P. 10(a) (2008) (establishing that appellate review is limited to the assignments of error set out in the record).