IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-1116

Filed: 15 December 2020

Rowan County, No. 11 CVD 2698

ALESSANDRA MCKENZIE Plaintiff

v.

STEVEN MCKENZIE Defendant

Appeal by Plaintiff from orders entered 6 March 2019 and 28 June 2019 by Judge A. Elizabeth Keever in Rowan County District Court. Heard in the Court of Appeals 21 October 2020.

*Mark L. Hayes for the Plaintiff-Appellant.*

*Matthew J. Barton for the Defendant-Appellee.*

DILLON, Judge.

Alessandra McKenzie appeals from the Order on Motions entered 6 March 2019, from the Order on Rule 52 Motion entered 28 June 2019, and from the Order on Contempt entered 28 June 2019.

I. Background

This is a domestic matter involving Steven McKenzie ("Husband") and Alessandra McKenzie ("Wife"), who were married in 1998 and separated in 2011. The present dispute involves Husband's refusal to pay money to Wife as ordered in the equitable distribution order and two subsequent orders finding Husband in civil

contempt for his refusal. The more recent contempt order is before us in this appeal, where the main issue is whether the purge provision is appropriate.

In 2016, Husband was ordered, as part of an equitable distribution order (the "2016 ED Order"), to pay $236,014.00 by certified check to Wife. Specifically, the trial court ordered that:

> The balance of $236,014.00 in [a certain money market account (hereinafter the "Account")] shall be distributed to [Wife]. [Husband] shall immediately upon the filing of this judgment transfer this balance to [Wife] *by delivering a certified check* to [her attorney].

(Emphasis added.) Husband has never complied with this provision.

In 2017, on Wife's motion, Husband was found in civil contempt (the "2017 Contempt Order") for his refusal to comply with the above provision in the 2016 ED Order. The trial court ordered that Husband could purge himself of this continuing civil contempt – not by turning over the sum certain of $236,014.00 – but rather by "transferring the [then] gross balance [in the Account to Wife]". We note that the record does not reflect what that balance in the Account was when the 2017 Contempt Order was entered. In any event, the 2017 Contempt Order had no teeth: the trial court did not order Husband to be imprisoned to coerce his compliance.

In 2019, on Wife's motion, Husband again was found to be in civil contempt (the "2019 Contempt Order") for his continued refusal to comply with the 2016 ED Order. But unlike the prior contempt order, the 2019 Contempt Order had teeth: the trial court ordered Husband imprisoned until he purged himself. The trial court

ordered that Husband could purge himself by paying $236,014.00 (representing the balance in the Account as of the date the 2016 ED Order was entered), notwithstanding that the Account had grown in value to over $280,000.00.[1]

Wife moved for reconsideration of the purge provision contained in the 2019 Contempt Order to require Husband to pay the increase in the Account, for attorneys' fees, and for Rule 11 sanctions against Husband. The trial court denied Wife's motions. Wife appeals from those orders.[2]

## II. Analysis

On appeal, Wife argues that the trial court erred by (1) entering a contempt order that allowed Husband to retain *the growth* in the Account and (2) concluding that Wife presented no evidence of Husband's sanctionable conduct.

### A. Trial Court's Calculation of Husband's Payment

Wife challenges the purge provision in the 2019 Contempt Order. Specifically, Wife argues that the trial court should have directed husband to transfer the entire balance contained in the Account – including the $53,888.00 passive gain which occurred since the 2016 ED Order was entered – to her. She argues that a proper reading of the 2016 ED Order mandates the interpretation that she is entitled to the

---

[1] Husband was also found to be in civil contempt for failing to pay the distributive award as ordered in the 2016 ED Order. The purge provision in the 2019 Contempt Order also required Husband to pay this distributive award to purge himself of civil contempt. The distributive award portion of the purge provision is not being challenged in this appeal.

[2] Wife petitioned our Court for *certiorari*. To the extent that Wife does not have an appeal as of right, we grant Wife's petition to aid in our jurisdiction.

passive increase. Alternatively, she argues that the trial judge entering the 2017 Contempt Order interpreted the 2016 ED Order as requiring her to receive the passive increase by requiring Husband to "transfer the [then] balance" in the Account to purge himself of that contempt. And, since the 2017 Contempt Order has not been reversed or vacated, Husband and the trial judge who entered the 2019 Contempt Order were bound by that interpretation of the 2016 ED Order as made by the trial judge entering the 2017 Contempt Order.

For the reasons explained below, we hold that the purge provision in the 2019 Contempt Order is appropriate and, therefore, the trial court did not err in denying Wife's motion to consider the purge provision.

Our civil contempt law is outlined in Chapter 5A of our General Statutes. N.C. Gen. Stat. §§ 5A-21 to 34 (2017). Under our statutes, a party may be found to be in "continuing civil contempt" if (1) he is in violation of a prior order, (2) his violation of that prior order is willful, (3) he is able to comply or is able to take reasonable steps to comply with the order, (4) the order remains in force, and (5) the purpose of the order may still be served by compliance. N.C. Gen. Stat. § 5A-21(a).

When the trial court finds a party to be in continuing civil contempt, the court must instruct that party what he must do to "purge" himself of civil contempt. A party found to be in continuing civil contempt remains so until he *either* purges himself as specified in the contempt order *or* the court determines that one of the

factors in subsection (a) of Chapter 5A-21 no longer applies; *e.g.*, he has complied with the order, his non-compliance is no longer willful, or the order is no longer in force, etc.

A party found in continuing civil contempt "*may* be imprisoned as long as the civil contempt continues, subject to [certain] limitations[.]" N.C. Gen. Stat. § 5A-21(b) (emphasis added). One limitation provides that if a party is in civil contempt for failing to pay a money judgment, other than a child support award, the party may only be imprisoned for 90 days. N.C. Gen. Stat. § 5A-21(b2). Of course, if it is found that the party is no longer in continuing civil contempt during this 90-day imprisonment – for example, it is found that the party's disobedience is no longer willful – he should be released before the 90 days are up, as his failure to comply with an order no longer meets the definition of "continuing civil contempt." *Id.*

In any event, a party who has been imprisoned for 90 days under Section 5A-21(b2) may be subject to 3 successive 90-day imprisonments, provided that he is first afforded a new hearing on each occasion to determine if he is still in continuing civil contempt. *Id.* Specifically, our General Assembly directs that "[b]efore the court may recommit a person to any additional period of imprisonment under this subsection, the court shall conduct a hearing **de novo**." *Id.* (emphasis added).

We must address a number of legal issues to resolve the ultimate issue regarding the validity of the purge provision contained in the 2019 Contempt Order.

First, we must determine what exactly Husband's obligation is under the 2016 ED Order. We hold by the plain language of that Order that Husband was obligated to pay a sum certain of $236,014.00; he was not ordered to turn over the Account itself, but rather to tender a certified check. Accordingly, under the terms of the 2016 ED Order, Wife is not entitled to any passive increase (or subject to risk for any passive decrease in the Account itself) as she was not awarded the Account specifically.[3]

Second, we hold that the purge provision contained in the 2017 Contempt Order directing Husband to pay "the gross balance" in the Account, at that time a condition of purge, did not bind the parties as to how the 2016 ED Order should be construed. It is true that a purge provision *should* track the obligation contained in the judgment when the court is trying to coerce compliance. However, the purge provision does not always track the obligation. For instance, it may be that a party

---

[3] Had Husband been directed to turn over the Account itself, Wife might have been entitled to any passive increase (or decrease) in that asset as part of the judgment, and therefore the payment of said increase could have been included in a purge condition. In *Conrad v. Conrad*, 82 N.C. App. 758, 348 S.E.2d 349 (1986), the wife was awarded an asset, namely a specific number of shares of stock, in an equitable distribution award. We held that the trial court, who found the husband in contempt for failing to turn over the shares of stock, acted appropriately by ordering the husband to pay the value of the *passive increases* from that stock, including stock splits and dividends, earned from the date of the original ED order as a condition of purge. *Id.* at 760, 348 S.E.2d at 350. If the value of the Account had decreased, the purge provision could *not* have awarded Wife damages as a condition of purge. It may be that Husband would have owed Wife damages for the decrease, but North Carolina follows the minority view that damages for failing to comply with an order cannot be awarded through a contempt proceeding. *See Hartsell v. Hartsell*, 99 N.C. App 380, 391, 393 S.E.2d 570, 577 (1990), *aff'd*, 328 N.C. 729, 403 S.E.2d 307 (1991).

owes a judgment of $100,000, but that party only has the present ability to pay $30,000. It would be appropriate for the judge to order the party to pay only $30,000 to purge himself of the contempt. And if he pays the $30,000, he is no longer in contempt, but he still owes $70,000 on the judgment.

And third, because Husband was subject to being imprisoned when called before the trial court in 2019, we hold that the trial court had the authority to consider the purge condition anew when entering the 2019 Contempt Order. Section 5A-21(b2) provides that a person who has already been imprisoned for a period of 90 days is entitled to a *de novo* hearing to determine whether he will need to spend another 90 days in prison. N.C. Gen. Stat. § 5A-21(b2). This case, though, presents an odd situation because the 2017 Contempt Order did not subject Husband to any imprisonment. We conclude, though, that whenever a party appears before a judge and is subject to initial or additional imprisonment for a continuing civil contempt, the judge considering the show cause motion hears the matter *de novo*, irrespective of any prior civil contempt orders.

In conclusion, we affirm the 2019 Contempt Order.[4]

B. Evidence of Sanctionable Conduct

---

[4] We note that the 2019 Contempt Order provides for Husband to be imprisoned until he purges his contempt. However, this imprisonment is subject to the provisions of Section 5A-21(b2), limiting "the period of imprisonment [not to] exceed 90 days[.]"

Wife sought Rule 11 Sanctions "based on [Husband's] abusive use of frivolous motions, complaints, and appeals to avoid compliance with the [2016 ED Order]." The trial court denied the motion, finding that she "failed to present any evidence upon which to base sanctions on [Husband's] actions in filing a Rule 60 Motion or appealing [the 2017 Contempt Order]." On appeal, Wife argues that the trial court's findings with respect to her motion for sanctions were insufficient.

We agree with Wife that the trial court's findings fail to address factual issues material to her request for sanctions, as her request was based on a number of actions taken by Husband, not just the filing of a Rule 60 Motion or a prior appeal. We vacate the Order on Motions to the extent that it denies Wife's request for sanctions and remand, directing the trial court to make further findings concerning Wife's motion for sanctions.

The trial court denied Wife's request for attorneys' fees because she failed to show the amount of fees incurred as the result of Husband's alleged sanctionable behavior. Wife contends on appeal that sanctions under Rule 11 can be imposed as a fine for bad behavior independent of attorneys' fees. Accordingly, we affirm that portion of the Order on Motions that denies Wife's request for attorneys' fees.

### III. Conclusion

We affirm the 2019 Contempt Order.

Regarding the Order on Motions, we vacate and remand the trial court's order denying Wife's request for sanctions. We remand so that the trial court can make additional findings regarding factual issues raised by Wife's motion. However, we affirm the trial court's order denying Wife's request for attorneys' fees as part of any sanctions as the trial court did not err in finding that Wife had failed to meet her burden of showing the fees she paid as a result of Husband's sanctionable conduct.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

Judges INMAN and YOUNG concur.